THE STATE, EX REL. INLAND DIVISION, G.M.C., APPELLEE,
*v.* ADAMS ET AL., APPELLANTS.

[Cite as State, ex rel. Inland Division, *v.* Adams (1982), 1 Ohio St. 3d 44.]

(No. 81-1754—Decided July 14, 1982.)

*Smith & Schnacke Co., L.P.A., Mr. Gary W. Auman* and *Ms. Edna Scheuer,* for appellee.

*Hochman & Horwitz Co., L.P.A.,* and *Mr. John R. Reed, Jr.,* for appellant Adams.

*Mr. William J. Brown,* attorney general, and *Mr. Richard J. Forman,* for appellant Industrial Commission.

*Per Curiam.* The threshold consideration in this case is whether appellee has established the jurisdictional prerequisites for the issuance of a writ of mandamus. It is well-settled that entitlement to a writ of mandamus requires the relator to demonstrate "(1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) *that relator has no plain and adequate remedy in the ordinary course of the law.*" (Emphasis added.) *State, ex rel. Harris,* v. *Rhodes* (1978), 54 Ohio St. 2d 41, 42 [8 O.O.3d 36, 37]; *State, ex rel. National City Bank,* v. *Bd. of Education* (1977), 52 Ohio St. 2d 81, 84 [6 O.O.3d 288, 290]; *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141 [40 O.O.2d 141].

Our review of the record and pleadings in this case uncovers the fact that appellee is appealing the commission's order on reconsideration mailed August 29, 1979. Indeed, the precise language of appellee's complaint in mandamus unambiguously demonstrates the correctness of this proposition.

Paragraph eight of appellee's complaint in mandamus reads as follows: "On November 20, 1978, the Employer filed a Request for Reconsideration with the Industrial Commission. *On 8/29/79, the Commission made the following order:*

"Upon reconsideration of the order dated 9/11/78, the application for which was filed by the Employer on 11/20/78, the Staff Hearing Officers, Stern and Thaxton, modified said order to find that the correct date of disability is 11/29/74 and orders that an occupational disease claim number be assigned to this claim and as so modified the order of 9/11/78 is affirmed and approved." (Emphasis added.)

Furthermore, paragraph twelve of appellee's complaint in mandamus reads: "Relator states that for all the foregoing reasons, the Industrial Commission's *August 29, 1979* award of occupational disease benefits to the Respondent is erroneous, arbitrary, unlawful and constitutes a gross abuse of discretion." (Emphasis added.)

R.C. 4123.519[2], as amended and effective on January 1, 1979, permits a party to an occupational disease claim to appeal a decision of the commission to a court of common pleas if the claim accrued before January 1, 1979. In-

---

[2] R.C. 4123.519 provides in pertinent part:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. If the claim is for an occupational disease the appeal shall be to the court of common pleas of the county in which the exposure which caused the disease occurred. Like appeal may be taken from a decision of a regional board from which the commission or its staff hearing officer has refused to permit an appeal to the commission. Notice of such appeal shall be filed by the appellant with the court of common pleas within sixty days after the date of the receipt of the decision appealed from or the date of receipt of the order of the commission refusing to permit an appeal from a regional board of review. Such filings shall be the only act required to perfect the appeal and vest jurisdiction in the court."

deed, this remedy was recently reinforced in *Morgan* v. *Western Electric Co.* (1982), 69 Ohio St. 2d 278, 282 [23 O.O.3d 271, 274], where this court ruled that R.C. 4123.519 as amended, "* * * is applicable to all decisions rendered by the Industrial Commission on or after January 1, 1979."

Thus, since the commission's order[3] on reconsideration was dated July 19, 1979, and mailed August 29, 1979, well after the January 1, 1979 effective date of amended R.C. 4123.519, appellee had a plain and adequate remedy at law by which to challenge the commission's order—an appeal to a court of common pleas.

As this court stated in *State, ex rel. Pressley,* v. *Indus. Comm., supra,* paragraph three of the syllabus: "When a petition stating a proper cause of action in mandamus is filed originally in the Supreme Court or in the Court of Appeals, and it is determined that the relator has a plain and adequate remedy in the ordinary course of the law by way of appeal, neither the Supreme Court nor the Court of Appeals has authority to exercise jurisdictional discretion but those courts are required to deny the writ."

For all the foregoing reasons, therefore, appellee has failed to demonstrate that it was without a plain and adequate remedy at law, a jurisdictional prerequisite for the issuance of a writ of mandamus. Since the Court of Appeals erred in issuing the writ in this cause, we hereby reverse the judgment of the Court of Appeals.

*Judgment reversed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

---

[3] R.C. 4121.01(G) provides:

" 'Order' means any decision, rule, regulation, direction, requirement, or standard, or any other determination or decision which the industrial commission or the department of industrial relations is empowered to and does make."