THE STATE, EX REL. BENTLEY ET AL., APPELLANTS, *v.* MIDDLETOWN CITY SCHOOL DISTRICT, BOARD OF EDUCATION, ET AL., APPELLEES.

(No. CA84-03-034 — Decided
August 31, 1984.)

*Robert G. Byrom,* for appellants.
*Porter, Wright, Morris & Arthur*
and *Paul R. Berninger,* for appellees.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Butler County, Ohio.

Relators-appellants, Fred Bentley and Billy Reed, are classified civil service employees of respondent-appellee, Middletown City School District, Board of Education. On or about April 18, 1983, appellants were notified by the Middletown City School District that their positions as heating engineers were being abolished due to the installation of new boiler equipment. Appellants were further informed that there were no lower classifications to which they could exercise displacement rights.[1] On appeal, the Middletown City Civil Service Commission, relying on R.C. 124.324(A)(3), ruled that appellants should have been permitted to exercise displacement rights against employees in custodial and maintenance classifications because they performed these types of duties on a part-time basis as part of their duties as heating engineers. The school district refused to permit appellants to displace employees in these classifications, contending that the deci-

sion of the civil service commission was contrary to law.

On September 23, 1983, appellants filed a complaint in mandamus in the Court of Common Pleas of Butler County, Ohio, demanding that the school district be ordered to implement the decision of the civil service commission permitting them to exercise displacement rights. The school district filed a motion to dismiss the complaint on October 18, 1983, which was granted by the court on February 10, 1984. In an opinion filed on December 12, 1983, the trial judge stated that the school district's motion was well-taken because the provisions of R.C. 124.324, upon which the civil service commission relied in granting appellants' displacement rights, were inapplicable to city school districts.

On March 9, 1984, appellants timely filed a notice of appeal to this court, and have in their brief set forth the following single assignment of error:

"The Common Pleas Court erred in holding that Revised Code, § 124.324, does not apply to city school districts, and concomitantly, the city school district has no pre-existing legal duty to allow the Relators to exercise displacement rights under said section, and, based thereon, erred in granting Respondents-Appellees' Motion to Dismiss the Complaint in Mandamus."

R.C. 124.324(A) states that laid-off employees have the right to displace other employees with fewer retention points in their classification or in a lower or equivalent classification in the following sequence:

"(1) Within the classification from which the employee was laid off;

"(2) Within the classification series from which the employee was laid off;

---

[1] Under certain circumstances, Ohio civil service law allows laid-off employees to "bump" or "displace" other employees who have accumulated fewer "retention points" in the job classification of the laid-off employee or in other, related classifications. See R.C. 124.324.

"(3) Within a classification which has the same or similar duties as the classification from which the employee was laid off, in accordance with the list published by the director under division (B)(2) of section 124.311 of the Revised Code;

"(4) Within the classification the employee held immediately prior to holding the classification from which the employee was laid off."

The statute further provides that divisions (A)(3) and (A)(4) above "* * * shall not apply to employees of cities, city health districts, and counties, except for employees of county welfare departments."

Divisions (A)(1) and (A)(2) above are inapplicable to the facts of the case *sub judice* because there were no positions within appellants' classification or classification series to which appellants could exercise displacement rights. Division (4), which concerns displacement to previously held positions, is also inapplicable to appellants because the record indicates that they held their positions as heating engineers for periods of more than five years prior to the time they were laid off, and other language in R.C. 124.324 prohibits the exercise of displacement rights in order to assume a previously held position if the laid-off employee has held the position from which he was laid off for a period of time greater than five years. Therefore, appellants' sole possibility for relief under R.C. 124.324 lies in R.C. 124.324(A)(3). The court below found this subsection to be inapplicable to appellants because of other language in the statute which, as described above, precludes application of R.C. 124.324(A)(3) and (A)(4) to employees of "* * * cities, city health districts, and counties, except for employees of county welfare departments." We agree.

The language of R.C. 124.324(A)(3) limits its application to positions set forth on a list of positions involving "the same or similar duties" published by the Director of Administrative Services under R.C. 124.311(B)(2). According to R.C. 124.14(A), the Director of Administrative Services must publish such a list for "* * * all positions, offices, and employments the salaries of which are paid in whole or in part by the state," and for county agencies. The parties admit that there is no such list covering Middletown School District employees, and we submit that this is because the Director of Administrative Services, by the terms of R.C. 124.14(A), is not required to establish employment classification lists for these employees. R.C. 124.14(B) further supports this position as it provides that R.C. 124.14(A) shall not apply to "[a]ny position for which the authority to determine compensation is given by law to another individual or entity." R.C. 124.14(B)(4). City employees and city school board employees fall neatly within this proscription.

Accordingly, we find that the court below correctly held R.C. 124.324(A)(3) to be inapplicable to city school board employees for two reasons. First, other language in the statute which prohibits the application of division (A)(3) to municipal entities arguably prohibits application of the division to city school board employees as well. Second, division (A)(3) of R.C. 124.324 by its terms applies only to classification lists published by the Ohio Director of Administrative Services, and the director, per R.C. 124.14, is not required to publish such a list for city employees or city school board employees. Thus, we conclude that the legislature did not intend that city school board employees be able to exercise displacement rights beyond their immediate classifications or classification series. Had this not been the legislature's intention, it would have instructed the Director of Administrative Services to draw up lists of job classifications for all civil service

employees instead of just for those employees paid in whole or in part by the state or employed by county agencies.

Entitlement to a writ of mandamus requires the relator to show (1) a clear legal right to the relief prayed for, (2) that the respondent is under a clear legal duty to perform the act necessary to furnish the relator with the requested relief, and, (3) that there is no other adequate remedy at law. *State, ex rel. Inland Division,* v. *Adams* (1982), 1 Ohio St. 3d 44. In the case at bar, appellants, for the reasons stated above, have failed to show that they have a clear legal right to exercise displacement rights under R.C. 124.324. Therefore, the court below properly granted appellees' motion to dismiss appellants' complaint in mandamus, and appellants' assignment of error is without merit.

It is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., and JONES, J., concur.

KOEHLER, J., dissents.