THE STATE, EX REL. WEAN UNITED, INC., APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as State, ex rel. Wean United, Inc., *v.* Indus. Comm. (1988), 37 Ohio St. 3d 203.]

(No. 86-1009—Submitted November 9, 1987—Decided June 22, 1988.)

*Vorys, Sater, Seymour & Pease,* *Thomas M. Taggart* and *Sandra J. Anderson,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Gerald H. Waterman,* for appellant.

*Per Curiam.* The court of appeals granted the writ and required appellee to be compensated from the special fund under R.C. 4123.343. We reverse on jurisdictional grounds.

In *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631, we held in paragraph three of the syllabus:

"When a petition stating a proper cause of action in mandamus is filed originally in the Supreme Court or in the Court of Appeals, and it is determined that the relator has a plain and adequate remedy in the ordinary course of the law by way of appeal, neither the Supreme Court nor the Court of Appeals has authority to exercise jurisdictional discretion but those courts are required to deny the writ. * * *"

R.C. 4123.519 provides in part:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, other than a decision as to the ex-

tent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. * * *"

This case does not involve a question of the extent of disability. The claimant was awarded temporary total disability compensation, which was not contested. Appellee only requested the court of appeals to construe R.C. 4123.343 to require it to be reimbursed for payments made to and on behalf of the claimant. The court did so construe the statute.

*State, ex rel. O.M. Scott & Sons Co.,* v. *Indus. Comm.* (1986), 28 Ohio St. 3d 341, 28 OBR 406, 503 N.E. 2d 1032, also involved only a question of whether the relator, a self-insurer, or the state insurance fund, should be liable for an uncontested occupational disease claim. The court of appeals granted O.M. Scott & Sons' request for mandamus relief after holding that the jurisdictional issue was moot because the parties agreed that mandamus was the proper vehicle. We reversed, holding that "the phrase 'plain and adequate remedy in the ordinary course of the law' includes in its scope the remedy of an appeal of a decision of the Industrial Commission to the court of common pleas under R.C. 4123.519." *Id.* at 343, 28 OBR at 408, 503 N.E. 2d at 1034. Similarly, *State, ex rel. Inland Div.,* v. *Adams* (1982), 1 Ohio St. 3d 44, 1 OBR 77, 437 N.E. 2d 605, also involved the reversal of a writ granted in the court of appeals in a case that should have been appealed under R.C. 4123.519, except in that case the parties had not attempted to confer jurisdiction by agreement, but instead, as here, had merely neglected the jurisdictional issue.

The issue raised in this case does not involve the extent of a claimant's

disability; therefore, it was appealable under R.C. 4123.519. Since it was and is appealable, neither the court of appeals nor this court has jurisdiction in mandamus. *State, ex rel. Pressley, supra,* at paragraph three of the syllabus.

The judgment of the court of appeals is hereby reversed.

*Judgment reversed.*

LOCHER, HOLMES and WRIGHT, JJ., concur.

SWEENEY and DOUGLAS, JJ., concur in judgment only.

MOYER, C.J., and H. BROWN, J., not participating.