THE STATE, EX REL. Y & O COAL COMPANY ET AL., APPELLANTS, *v.*
INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Y & O Coal Co., *v.* Indus. Comm. (1988),
40 Ohio St. 3d 165.]

(No. 87-339—Submitted September 28, 1988—Decided December 30, 1988.)

*Porter, Wright, Morris & Arthur* and *Charles J. Kurtz III,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, *Helen M. Ninos* and *Gerald H. Waterman,* for appellee.

*Per Curiam.* Mandamus will not lie where there is a plain and adequate remedy in the ordinary course of law. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631, paragraph three of the syllabus. In *State, ex rel. Wean United, Inc.,* v. *Indus. Comm.* (1988), 37 Ohio St. 3d 203, 524 N.E. 2d 896, we held that disputes involving handicap reimbursement are appealable under R.C. 4123.519. The availability of an R.C. 4123.519 appeal thus precludes appellants from relief in mandamus.

Based on our decision in *Wean United,* the judgment of the appellate court is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., concurs separately.

DOUGLAS, J., concurring. I agree with the majority that the judgment of the court of appeals should be affirmed. I do not concur, however, in the holding that an employer seeking handicap reimbursement, pursuant to R.C. 4123.343, has the right to seek reimbursement by way of an R.C. 4123.519 appeal. Rather, it is my judgment that the appropriate vehicle for an employer to obtain relief, after an administrative denial, is through an action for declaratory judgment pursuant to R.C. 2721.02 and/or 2721.03.

Kroger and Y & O, appellants, filed applications for handicap reimbursement. The applications of both employers were denied by the commission on the basis that they were not timely filed. Both employers filed actions in mandamus seeking an order to require the commission to process the handicap reimbursement applications. The court of appeals denied the requested writs. Today, we affirm the judgment of the court of appeals on the basis that the procedure that should have been followed by the employers-appellants was an appeal pursuant to R.C. 4123.519. I think this holding is in error and will further confuse the question of what may be appealed under the authority of R.C. 4123.519.

A so-called ".519" appeal has always been considered to present the question of a claimant's "right to participate" in the State Insurance Fund. Accordingly, the section provides in part that:

"The *administrator* of the bureau of workers' compensation, the *claimant,* and the *employer* shall be parties to such appeal and the *commission* shall be made a party if it makes application therefor." (Emphasis added.)

Further, the statute provides, in six separate places, that the issue presented by an R.C. 4123.519 appeal is the *claimant's* right to participate or continue to participate in the fund. It can readily be seen that the case before us today is not one involving a "claimant" but rather is one that involves an employer seeking relief against the commission. There is no issue presented as to a *claimant's* right to participate — unless, of course, we are now turning employers into claimants so as to somehow force the applications of appellants to come within the scope of R.C. 4123.519.

Additional proof of this is, again, found in the section itself. If a claimant's claim is allowed at the adminis-

trative level and the employer chooses to contest the allowance, then the employer files a notice of appeal. If the claim is not allowed at the administrative level, then the claimant, if he chooses to do so, files his notice of appeal.

Regardless of whether the employer *or* the claimant appeals, the burden is on the claimant to proceed after the notice of appeal has been filed. R.C. 4123.519 provides:

"The *claimant* shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund * * *." (Emphasis added.)

Thus, in the case now before us, we are telling the employers-appellants to file their notices of appeal pursuant to R.C. 4123.519. When they do so, whose responsibility will it be to go forward with the filing of a petition? If we say it is the commission's responsibility, then the commission will be arguing for the employers' "right to participate" — the very relief the commission has already denied. If, conversely, we say that it is the employers' duty to proceed, then the employers (who have suddenly become "claimants") will seek to participate in the State Insurance Fund (a fund created to compensate injured workers — not employers) rather than the Surplus Fund (an entirely different fund) from which the employers, if eligible, should recover payments made pursuant to handicap reimbursement.

The fact is that such a procedure simply will not work. There is no "claimant" in this dispute between employers and the commission. The real and original claimant is a stranger to the fight between the contesting parties now before us. Obviously, there is no reason for the claimant, who is receiving benefits, to file a petition seeking the right of his employer "to participate." The claimant is already participating.

Our decision today perpetuates and extends our ill-advised decisions in *State, ex rel. O.M. Scott & Sons Co.,* v. *Indus. Comm.* (1986), 28 Ohio St. 3d 341, 28 OBR 406, 503 N.E. 2d 1032 (determining whether a claim is to be charged to a self-insured employer or the State Insurance Fund), *Seabloom Roofing & Sheet Metal Co.* v. *Mayfield* (1988), 35 Ohio St. 3d 108, 519 N.E. 2d 358 (denial of relief under R.C. 4123.522), and *State, ex· rel. Wean United, Inc.,* v. *Indus. Comm.* (1988), 37 Ohio St. 3d 203, 524 N.E. 2d 896 (handicap reimbursement). Henceforth, it would seem that any order of the commission that does not involve "extent of disability," even interlocutory in nature, can be the subject of an appeal pursuant to R.C. 4123.519. It will be interesting to see if the majority, fashioned to permit such appeals, will apply the same rules equally to real "claimants" who might seek to appeal each adverse ruling of a hearing officer, a regional board or the commission.

It seems fair to ask that if neither mandamus nor R.C. 4123.519 actions are available to appellants, then how should the employers-appellants proceed to obtain a judicial determination of their grievances? The answer is simple. An action for declaratory judgment is available.

R.C. 2721.02 provides:

"Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * * The declaration may be either affirmative or negative in form and effect. Such declaration has the effect of a final judgment or decree."

Further, R.C. 2721.03 provides:

"*Any* person interested under a * * * written contract * * * or whose *rights,* status, or other *legal relations* are affected by a * * * *statute* * * * may have determined *any* question of construction or validity arising under such * * * statute * * * and obtain a declaration of rights, status, *or other legal relations* thereunder." (Emphasis added.)

Accordingly, the employers-appellants in the case before us could seek a determination, through an action for declaratory judgment, as to the statute-of-limitations question as well as their asserted rights pursuant to R.C. 4123.343. How such determinations can be made in an R.C. 4123.519 appeal remains a mystery to me.

In consideration of the foregoing, I concur only in the judgment of the majority. I concur because I, too, believe there is an adequate remedy at law available to appellants and, therefore, mandamus does not lie. That adequate remedy, however, is not an R.C. 4123.519 appeal but rather is an action for declaratory judgment.