**COLUMBUS SOUTHERN POWER COMPANY, f.k.a. Columbus & Southern Ohio Electric Company, Appellant,**

**v.**

**OHIO DEPARTMENT OF TRANSPORTATION et al., Appellees.**

[Cite as *Columbus Southern Power Co. v. Ohio Dept. of Transp.* (1989), 63 Ohio App.3d 612.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–928.

Decided Aug. 3, 1989.

*Porter, Wright, Morris & Arthur* and *Brian L. Buzby,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, *Patricia Eshman* and *Ronald H. Snyder,* for appellees.

YOUNG, Judge.

This matter is before this court upon the appeal of Columbus Southern Power Company ("CSP"), appellant, from the decision of the Franklin County Common Pleas Court which sustained the motion to dismiss the action for lack of jurisdiction filed by appellees, Ohio Department of Transportation ("ODOT") *et al.* As a result of the I–670 highway project, appellant vacated certain property and relocated its equipment and facilities. Pursuant to R.C. 163.58, appellant filed an application with ODOT in order to be compensated for its relocation expenses. ODOT denied appellant's application because of appellant's lack of demonstrable real property interest in the land under which its facilities were located. Appellant has appealed the decision to the Court of Common Pleas of Franklin County pursuant to R.C. Chapter 119. That matter is still pending.

Subsequently, appellant filed an original action in common pleas court and requested the following: declaratory judgment interpreting R.C. Chapter 163 and its applicability herein; reimbursement for relocation expenses; injunctive relief; mandamus relief; and $2,400,000 for the wrongful taking of appellant's property. Appellees filed a motion to dismiss which was granted. The court concluded that appellant's action was actually a claim for damages and that the Ohio Court of Claims would have jurisdiction.

Appellant has appealed from the motion to dismiss and raises the following six assignments of error:

"I. Common pleas courts have jurisdiction to issue declaratory judgments against the State of Ohio and the trial court erred in dismissing such a claim.

"II. Common pleas courts have jurisdiction to issue injunctions against the State of Ohio and the trial court erred in dismissing such a claim.

"III.  Common pleas courts have jurisdiction to issue writs of mandamus against the State of Ohio and the trial court erred in dismissing such a claim.

"IV.  Common pleas courts have jurisdiction to hear claims against the state for compensation for the taking of property and the trial court erred in dismissing such a claim.

"V.  The trial court erred in categorizing appellant's claim as one for 'damages' and dismissing it on that basis.

"VI.  Even if the trial court lacked jurisdiction to hear all of the appellant's claims, it erred in dismissing the entire complaint without allowing appellant to amend its complaint."

The instant appeal centers on whether the court of common pleas had jurisdiction to hear all of appellant's claims, and if the court did not have jurisdiction to hear all of appellant's claims, did the trial court abuse its discretion by not allowing appellant to amend its complaint.  As a preliminary matter, this court finds it necessary to discuss the case of *Weir v. Consolidated Rail Corp.* (1983), 12 Ohio App.3d 63, 12 OBR 204, 465 N.E.2d 1341, upon which the trial court based its decision to dismiss appellant's complaint and to which both parties to this appeal point in support of their respective positions.

*Weir* was an appeal by ODOT to the Cuyahoga County Court of Appeals from a decision of the probate court, which ordered ODOT to pay the expenses of Buckeye Pipeline Co. ("Buckeye") for the relocation of its pipeline.  The action was initiated by ODOT against Consolidated Rail Corp., Buckeye, and other defendants, to appropriate certain property under the power of eminent domain.  Buckeye filed a counterclaim against ODOT, seeking reimbursement, pursuant to R.C. 163.51 *et seq.*, for the cost of moving the pipeline located underneath the property.

In upholding the trial court's decision that Buckeye was indeed entitled to receive compensation pursuant to R.C. 163.51 *et seq.*, for the cost of relocating the pipeline, the appellate court's holding infers that the probate court granted monetary relief to Buckeye pursuant to R.C. 163.51 *et seq.*  The decision does not make it clear that the probate court had severed Buckeye's counterclaim from the land appropriation case and had treated it as only an action for declaratory judgment.  The trial court exercised jurisdiction only over Buckeye's claim for declaratory judgment.  Therefore, *Weir* does not support appellant's contentions that common pleas courts have jurisdiction to hear cases brought for compensation under R.C. 163.51 *et seq.*

■  In determining that Buckeye did qualify as a "displaced person" and was, therefore, eligible to receive compensation for the cost of relocating its facilities, the appellate court interpreted R.C. 163.51 *et seq.* to require that, in

order to qualify as a "displaced person," one must have an interest in the real property. Consequently, since an easement is considered an interest in real property, the holder of an easement would qualify for compensation. However, since a license is not considered an interest in property, the holder of a license would not qualify for compensation.

R.C. 163.53 requires a "state agency" to pay relocation expenses to any "displaced person," whenever the agency acquires real property for a program or project. A "state agency" was defined, as relevant herein, as any department of the state receiving federal financial assistance. Former R.C. 163.51(B). A "person" includes any individual, partnership, corporation, or association. R.C. 163.51(D). A "displaced person" was defined, in relevant part, as follows by former R.C. 163.51(E):

" 'Displaced person' means any person who, on or after the effective date of this section, moves from real property, or moves his personal property from real property, as a result of the acquisition of such real property, in whole or in part, or as the result of the written order of the acquiring agency to vacate real property, for a program or project undertaken by a state agency with federal financial assistance, or with the rights and powers granted to a community urban redevelopment corporation by the provisions of Chapter 1728. of the Revised Code, or for any state highway project * * *." (See 135 Ohio Laws, Part I, 317, 319.)

R.C. 163.53 is absolute in its terms and provides for payment of relocation expenses to "any" displaced person. R.C. 163.53 provided, in pertinent part, as follows:

"(A) Whenever the acquisition of real property for a program or project undertaken by a state agency will result in the displacement of any person on or after the effective date of sections 163.51 to 163.62, inclusive, of the Revised Code, the head of such agency shall make a payment to any displaced person, upon proper application as approved by such agency head, for:

"(1) Actual reasonable expenses in moving himself, his family, business, farm operation, or other personal property;

"(2) Actual direct losses of tangible personal property as a result of moving or discontinuing a business or farm operation, but not to exceed an amount equal to the reasonable expenses that would have been required to relocate such property, as determined by the head of the agency;

"(3) Actual reasonable expenses in searching for a replacement business or farm." (See 134 Ohio Laws, Part II, 1404, 1406.)

Clearly, the statute does not require that one must have an interest in the real property in order to qualify for compensation.

"Owner" is defined in R.C. 163.01(C) as " * * * any individual, partnership, association, or corporation having any estate, title, or interest in any real property sought to be appropriated." The legislature did not include similar language in the definition of "displaced person," although the legislature could have included such a requirement.

Ohio Adm.Code 5501:2–5–01(L)(2)(c) provides, in pertinent part, as follows:

"(L) Assurances

" * * *

"(2) The Ohio department of transportation shall not be authorized to proceed with any phase of any project which will cause the relocation of any person, or proceed with any construction project concerning any right of way acquired by the state without federal participation *until* it has furnished satisfactory assurances on a statewide basis that:

" * * *

"(c) To the greatest extent practicable *no person lawfully occupying real property shall be required to move* from his dwelling, or to move his business or farm operation, *without at least ninety days written notice from the state of the date by which such move is required."* (Emphasis added.)

Furthermore, Ohio Adm.Code 5501:2–5–01(B)(3) and 5501:2–5–03(A) specify that a "displaced person" is one who is lawfully occupying real property and who moves from real property as a result of the acquisition of the real property. Therefore, we do not interpret R.C. 163.51 *et seq.* to require that one have an interest in real property to qualify as a "displaced person." The statute is clear and unambiguous on its face and does not include such a requirement.

This court will now address appellant's assignments of error. Appellant's first three assignments of error argue, in very general terms, that courts of common pleas have jurisdiction to issue declaratory judgments, injunctions and writs of mandamus against the state of Ohio. In its fourth and fifth assignments of error, appellant argues that the court of common pleas had jurisdiction to hear its claims against the state in which appellant sought relocation money pursuant to R.C. 163.51 *et seq.* In the sixth assignment of error, appellant contends that, even if the trial court did not have jurisdiction over some of the appellant's claims, the trial court should have allowed appellant to amend its complaint to rectify the problem. Instead, however, the trial court dismissed the entire action.

■ There is ample authority that common pleas courts have jurisdiction to entertain actions against the state for declaratory judgment, injunction and mandamus. In *Racing Guild of Ohio, Local 304 v. State Racing Comm.*

(1986), 28 Ohio St.3d 317, 320, 28 OBR 386, 388, 503 N.E.2d 1025, 1028, the Ohio Supreme Court stated as follows:

"Declaratory judgment actions were permitted against state agencies prior to the enactment of the Court of Claims Act. See, *e.g.*, *American Life & Accident Ins. Co. v. Jones* (1949), 152 Ohio St. 287 [40 O.O. 326, 89 N.E.2d 301]. Thus, there is no question that the exclusive jurisdiction of the Court of Claims does not bar the courts of common pleas from obtaining subject matter jurisdiction over declaratory judgment actions against the state. *Friedman v. Johnson* (1985), 18 Ohio St.3d 85, 87 [18 OBR 122, 123–124, 480 N.E.2d 82, 83–84].

"The commission contends, however, that injunctive relief may be sought against the state *only* in the Court of Claims. We do not agree.

"Ohio jurisprudence is literally riddled with examples of actions for injunctive relief proceeding against state departments, boards, agencies and commissions, all defined as the 'state' under R.C. 2743.01(A), prior to the enactment of the Court of Claims Act. Both before and after the enactment of R.C. Chapter 2743, this court entertained actions originating in the courts of common pleas involving injunctive relief against the 'state' as it is now defined by R.C. 2743.01(A), without dismissing those actions on that basis." (Emphasis *sic* and footnotes omitted.)

Likewise, in *State, ex rel. Mahoning Cty. Community Corr. Assn., Inc., v. Shoemaker* (1983), 12 Ohio App.3d 36, 12 OBR 123, 465 N.E.2d 1351, this court held as follows:

"It is true that mandamus is the proper remedy to compel a state official to perform a clear legal duty, and that that remedy was not extinguished by enactment of the Court of Claims Act, since such an action is not a suit against the state. * * * On the other hand, the Court of Claims has no authority to allow writs of mandamus. * * * " *Id.* at 37, 12 OBR at 124, 465 N.E.2d at 1352–1353.

However, even though courts of common pleas have jurisdiction over actions seeking relief by way of injunction or mandamus, both are extraordinary remedies which are only available under certain circumstances.

In *Garono v. State* (1988), 37 Ohio St.3d 171, 524 N.E.2d 496, the Ohio Supreme Court stated as follows:

"An injunction is an extraordinary remedy in equity where there is no adequate remedy available at law. It is not available as a right but may be granted by a court if it is necessary to prevent a future wrong that the law cannot. [Citations omitted.] The grant or denial of an injunction is solely within the trial court's discretion and, therefore, a reviewing court should not

disturb the judgment of the trial court absent a showing of a clear abuse of discretion.   * * * "  *Id.* at 173, 524 N.E.2d at 498.

A writ of mandamus is also an extraordinary legal remedy granted only in those cases where relief cannot be otherwise obtained.  Mandamus should issue only if: (1) a clear legal right to the relief requested is shown;  (2) the person requested to perform the act is under a clear legal duty to perform that act;  and (3) the party seeking the performance of the act has no plain and adequate remedy in the ordinary course of law.  *State, ex rel. Inland Division, v. Adams* (1982), 1 Ohio St.3d 44, 46, 1 OBR 77, 79, 437 N.E.2d 605, 607.

■   In the present case, a hearing was conducted on February 6, 1987, to determine the right of CSP, appellant, to receive compensation for the relocation of its electrical facilities.  Both parties were represented at the hearing and had the opportunity to present evidence.  The hearing officer concluded that CSP was not entitled to receive benefits under R.C. 163.51 *et seq.*

Pursuant to R.C. Chapter 119, CSP has a right to appeal the decision of the hearing officer to the Court of Common Pleas of Franklin County.  Because appellant has an adequate remedy at law, appellant is not entitled to relief by way of injunction or mandamus.  Likewise, because appellant's appeal pursuant to R.C. Chapter 119 raises the same issues as the case herein, its declaratory judgment action was also improper.

■   In the fourth and fifth assignments of error, appellant contends that courts of common pleas have jurisdiction to hear cases brought under R.C. 163.51 *et seq.*  Appellant relies on this court's holding in *Kermetz v. Cook–Johnson Realty Corp.* (1977), 54 Ohio App.2d 220, 8 O.O.3d 375, 376 N.E.2d 1357, for its position that the common pleas court had jurisdiction over its R.C. 163.51 *et seq.* claim.  *Kermetz* does not apply to these facts.  *Kermetz* involved a "property owner" bringing a mandamus action to compel appropriation proceedings in a common pleas court so that a jury could assess damages for the taking of certain property.  An application by a "displaced person" seeking compensation for actual expenses incurred in relocating is not a part of a condemnation hearing initiated by either the state agency or the owner of the real property.  R.C. 163.51 *et seq.* does not create an original cause of action in either the Court of Claims or the court of common pleas on behalf of the "displaced person."  R.C. 163.51 *et seq.* provides for an administrative decision by the head of a state agency which decision can be appealed pursuant to R.C. Chapter 119.  Inasmuch as CSP's appeal, pursuant to R.C. Chapter 119, is pending before the common pleas court, appellant's fourth and fifth assignments of error are overruled.

Lastly, appellant argues that even if the common pleas court did not have jurisdiction to adjudicate the entire action, the court should have permitted appellant to amend its complaint. However, the record discloses that appellant did not request permission to amend its complaint, nor did appellant tender an amended complaint when the court decided to dismiss the action. Although Civ.R. 15(A) mandates that leave to amend a complaint "shall be freely given when justice so requires," in the present case, appellant did not make a proper motion requesting such action from the court. Therefore, there was no abuse of discretion on the part of the trial court, and appellant's sixth assignment of error is overruled.

Based on the foregoing, appellant's assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and BOWMAN, JJ., concur.