## Cooley v. Dairy Mart Corp.
*[Cite as 2 AOA 615]*

*Case No. 89-A-1441*
*Ashtabula County, (11th)*
*Decided March 9, 1990*

*R.C. 4123.61*
*R.C. 4123.51.9*

*Gregg A. Austin, Esq., One Public Square, Suite 500, Cleveland, Ohio 4411 3-2157, For Plaintiff-Appellee.*

*George H. Rosin, Esq., Buckingham, Doolittle & Burroughs, 50 South Main Street, P.O. Box 1500 Akron, Ohio 44309, For Defendants-Appellants Dairy Mart Corporation.*

*Anthony J. Celebreeze Attorney General 65 West Superior Avenue 12th Floor Cleveland, Ohio 44113-1899, For Industrial Commission.*

FORD, J.,

Appellee, Peggy Cooley, was injured on March 15, 1986, apparently in the course of her employment with appellant, Lawson Milk Company (now, Dairy Mart Corporation). While appellee's right to participate in the Worker's Compensation fund was granted, a number of issues relating to her claim were not addressed in the original order.

On November 9, 1988, the Industrial Commission issued an opinion in which appellee's average weekly wage was set at $310.38 per week. At the time of this opinion, appellee's claim was held in abeyance pending the resolution of psychiatric testing and the presentation of evidence concerning appellee's thoracic strain.

Appellant appealed the November 9, 1988 ruling of the Industrial Commission to the Ashtabula County Court of Common Pleas, pursuant to R.C. 4123.519. This statute reads, in pertinent part, "[t]he claimant or the employer may appeal a decision of the industrial commission or its staff *** *other than a decision as to the extent of disability*, to the court of common pleas ***." (Emphasis added.)

Appellee filed a motion to dismiss appellant's appeal, claiming that the appeal pertained to a decision as to the extent of disability. This issue was briefed by both parties, and then the motion was granted by the trial court.

Appellant now timely raises this appeal and asserts the following assignment of error:

"The trial court erred in granting plaintiff-appellee's motion to dismiss defendant-appellant's notice of appeal."

Appellant's one assignment of error, containing two subparts, argues that a final order of the Industrial Commission, which does not involve the right to participate, is appealable to the common pleas court as long as it does not involve the issue of the extent of the claimant's disability. Appellant further contends that an order of the Industrial Commission setting the average weekly wage does not involve the issue of the extent of disability.

The essence of appellant's argument lies in the delineation of a new trend of thought which appellant perceives as existing in recent Ohio Supreme Court cases on the subject of R.C. 4123.519 appeals to the trial court. The fact that appellant and appellee, construing essentially the same case law, should reach such diametrically opposite conclusions as to what the state of the law is, does not cause consternation in this court.

"Despite its apparently straightforward language, R.C. 4123.519 has been the source of considerable discussion by [the Ohio Supreme Court] as well as by trial and appellate courts. 'Clear though the \*\*\* language [in R.C. 4123.519] may have seemed to the drafters thereof, the myriad complications of industrial injury, and legislative and administrative efforts to justly cope therewith, have resulted in diffuse efforts by litigants and courts to resolve ensuing conflicts and uncertainties.'" *Cook* v. *Mayfield* (1989), 45 Ohio St. 3d 200, 202, quoting *State, ex rel. Campbell* v. *Indus. Comm.* (1971), 28 Ohio St. 2d 154, 155.

The starting point for both appellants' and appellee's analysis of R.C. 4123.519 is *Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386. *Zavatsky, supra,* held:

"The decision of the Industrial Commission as to 'extent of disability' constitutes a determination of the basis for the computation of the compensation or benefits payable under the provisions of the worker's compensation law \*\*\*. A determination of 'extent of disability' under R.C. 4123.519 presupposes that claimant has been allowed the 'right to participate' in the Workers' Compensation Fund \*\*\*." *Zavatsky,* at second paragraph of the syllabus.

Similarly, four years later, the Ohio Supreme Court held:

"Once a claimant's right to participate in the Workers' Compensation Fund for an injury \*\*\* has been determined, any further determination of the Industrial Commission pertaining to the computation of compensation payable under the workers' compensation law \*\*\* is as to 'extent of disability,' and is not appealable pursuant to R.C. 4123.519." *State ex rel. Bosch* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 94, at the syllabus. (Citations omitted.)

Appellant acknowledges the continued validity of these holdings, yet urges that the Ohio Supreme Court has moved away from an absolutist position. As support for this position, appellant directs this court's attention to a number of recent Ohio Supreme Court cases. In *State ex rel. O.M. Scott & Sons Co.* v. *Indus. Comm.* (1986), 28 Ohio St. 3d 341, the court held that an order dictating that a self-insurer, rather than the state fund, pay the benefits to the claimant was appealable despite not involving the right to participate in the fund. "A decision in an injury \*\*\* case which does not involve the right to participate is nevertheless appealable as long as it does not involve the extent of disability." *Scott, supra,* at 344.

The rationale expressed in *Scott,* was reaffirmed in *Seabloom Roofing & Sheet Metal Co.* v. *Mayfield* (1988), 35 Ohio St. 3d 108. In *Seabloom, supra,* the court held that a question of whether employer's counsel received notice of a worker's compensation hearing, and could consequently vacate the order which derived from the hearing, pursuant to R.C. 4123.522, was not one which went to the extent of the claimant's injury.

The Ohio Supreme Court has further allowed for the commencement of R.C. 4123.519 appeals in scenarios in which the issue was which party would be responsible for reimbursing self-insured employers who have paid claims stemming from injuries suffered by handicapped persons in their employ at the time of the accident. Under Ohio law, R.C. 4123.343, such employers were to be reimbursed for any such payments, ostensibly as a method of encouraging the hiring of handicapped persons. When disputes arise as to which entity is to reimburse these funds to the employer, the conflicts are appealable under R.C. 4123.519, as they do not address issues of the extent of the claimant's disability. *State, ex rel. Wean United, Inc.,* v. *Indus. Comm.* (1988), 37 Ohio St. 3d 203; *State, ex rel. Y & O Coal Co.* v. *Indus. Comm.* (1988), 40 Ohio St. 3d 165.

Appellant's contention, that *Scott* and its progeny have enlarged the scope of appeals which may be commenced under R.C. 4123.519, is correct. However, examination of appellant's authority does not persuade that the exceptions to *Zavatsky* and *Bosch, supra,* encompass the factual scenario in the case *sub judice.*

A close reading of *Scott* indicates that the case both recognizes and endorses the holding in *Zavatsky,* which indicated that "decisions \*\*\* as to the extent of disability constitute a determination of the basis of the computation of the compensation or benefits payable" to the claimant. *Scott,* at 343, quoting *Zavatsky* at second paragraph of the syllabus.

Further, cases such as *Scott, et al.,* are clearly distinguishable from the case at bar. *Scott, Wean United, supra,* and *Y & O Coal Co., supra,* are all cases in which the question is not 'to what extent is the claimant injured?', but rather 'who will pay the claimant?' As the Ohio Supreme Court has recognized, these cases in no way challenge the extent of the claimant's injury and, as such, are properly cognizable under R.C. 4123.519. Similarly, *Seabloom* concerns itself, not with an issue pertaining to the claimant's disability, but rather to a due

process question of whether the employer's attorney received notice of a hearing. R.C. 4123.519 does not act as a bar to that type of case.

Examination of recent Ohio Supreme Court cases which construe R.C. 4123.519 demonstrate the continued validity of the *Bosch* doctrine. In *Cook, supra,* the court examined a scenario in which a claimant was attempting to receive additional monies as a result of an intervening incident. The court stated that, if the claimant was merely requesting additional compensation, the commission's decision would be as to the extent of disability, and hence not appealable under R.C. 4123.519. If the claimant was requesting compensation for a new injury, a denial of benefits by the Industrial Commission would be appealable because it would involve the right to participate in the fund. *Cook,* at 205-206, citing *Bosch.* As *Cook* lucidly demonstrates, in cases relating to the amount of compensation a claimant receives for his/her injury, the rule enunciated in *Bosch* remains in effect.

This court also notes that there are strong underlying public policy rationales that support the *Zavatsky/Bosch* line of cases and the *Scott* exceptions. Under the Workers' Compensation system presently in place in Ohio, "[t]he [industrial] commission has 'sole and final jurisdiction to determine extent of disability, and thus the *** amount of compensation to which a claimant is entitled under the Act.'" *Cook,* at 201, citing *Rummel* v. *Flowers* (1972), 28 Ohio St. 2d 230, 233. While there are legitimate countervailing public policy motives, such as encouraging the hiring of the handicapped or providing for fair resolution of the procedural issues, which account for the recently enunciated exceptions to the *Zavatsky/Bosch* doctrine, expansion of these exceptions to include this case could release a flood of litigation into the trial courts which might well result in an unintended onus on the judicial system, and would also undermine the purposes for which the Workers' Compensation system was created. Further, acceptance of appellants' arguments would be tantamount to issuing an invitation to employers and employees alike to use the judicial system to stall decisions rendered by the Industrial Commission until a more favorable outcome could be achieved.

This court is cognizant, as *Cook* states, that: "The only right to appeal a decision of the Industrial Commission is that which is granted by statute. 'The jurisdiction of the Court of Common Pleas over claims *** is wholly statutory, and is not included within its general jurisdiction. The Courts of Common Pleas do not have inherent jurisdiction in workmen's compensation cases but only such as is bestowed upon them under the provisions of the act.'" *Cook,* at 201, citing *Jenkins* v. *Keller* (1966), 6 Ohio St. 122, 126.

Moreover, one of the controlling principles of the "Workmen's Compensation Act [is that it] was so structured by the General Assembly to repose in the commission sole and final jurisdiction to determine extent of disability, and thus the amount of compensation to which a claimant is entitled to under the Act." *Rummel, supra,* at 233; *Brecount* v. *Proctor & Gamble* (1957), 166 Ohio St. 477, at the second paragraph of the syllabus. This principle illustrates the legislative intention to allow for expeditious administrative treatment of claims with attendant expertise made under the Workers' Compensation Act without the parties having to undergo time consuming and potentially vexatious litigation. Because of the strong statutory case law and public policy considerations present in this case, the trial court held, and this court agrees, that the setting of the average weekly wage involves the compensation due under the workers' compensation law, which, as *Zavatsky* notes, is inextricably bound up with considerations of the extent of the claimant's disability. Accordingly, appellant's appeal to the common pleas court was uncognizable under R.C. 4123.519 and its assignment is without merit.

*Judgment affirmed.*

CHRISTLEY, P.J.,
LYNCH, J., Ret.,

Sitting by assignment,
Concur.