**COLUMBIA GAS TRANSMISSION CORPORATION, Appellee,**

v.

**OHIO DEPARTMENT OF TRANSPORTATION et al., Appellants.**

[Cite as *Columbia Gas Transm. Corp. v. Ohio Dept.
of Transp.* (1995), 104 Ohio App.3d 1.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE10–1430.

Decided April 20, 1995.

2

*Porter, Wright, Morris & Arthur* and *Brian Buzby; Amos W. Perrine,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Halstead L. Stettler,* Assistant Attorney General, for appellants.

BOWMAN, Presiding Judge.

In 1976, appellant, Ohio Department of Transportation ("ODOT"), notified appellee, Columbia Gas Transmission Corporation ("Columbia"), of the proposed reconstruction and relocation of State Route 7 near Bellaire, Ohio. As a result of the highway construction project, Columbia was required to relocate four-inch and ten-inch pipelines located on property belonging to Consolidated Rail Corporation, pursuant to an agreement designated "license agreement," and a regulator or pumping station located on property owned by the city of Bellaire, pursuant to an agreement designated as an "easement." A hearing officer appointed by ODOT found that actual work on the construction project began in 1984, when Columbia engineers worked with ODOT to develop engineering plans for relocation of the utility facilities affected by the reconstruction project. In 1985, ODOT notified Columbia to begin initial engineering work to relocate its facilities and, in 1991, ODOT authorized Columbia to begin actual construction, most of which was completed by July 1993.

The hearing officer determined that Columbia's request for reimbursement was governed by R.C. 163.53 and 5501.51, as those statutes were amended in 1989. Therefore, the hearing officer concluded that, since Columbia did not have a sufficient vested interest in the real property on which its lines and pumping station were located, as required by the 1989 amendments, it was not entitled to reimbursement for relocation costs. The hearing officer's recommendation was upheld by the Director of ODOT.

Columbia appealed to the Franklin County Court of Common Pleas, pursuant to R.C. Chapter 119. The trial court overruled ODOT's motion to dismiss and found that Columbia's claim for reimbursement was subject to R.C. 163.53 and 5501.51, as those statutes existed before the amendments in 1989; that Columbia was, therefore, a "displaced person," as defined in R.C. 163.51(E)(3); and that it was entitled to be reimbursed for its relocation expenses.

ODOT appeals and sets forth the following assignments of error:

"1.   It was error for the Court of Common Pleas to hold that it has jurisdiction under R.C. Chapter 119 over an appeal from a decision by the Director of the Ohio Department of Transportation denying relocation benefits to a displaced public utility company.  See *Decision*, dated August 3, 1994, page one.

"2.   It was error for the Court of Common Pleas to hold that the Order of the Director of Transportation denying relocation benefits to the Columbia Gas Transmission Corporation for moving its facilities due to highway construction, was not supported by reliable, probative, and substantial evidence in the record, and was not in accordance with law, when Columbia had no vested property right in the relocation of its facilities.  See *Decision*, dated August 3, 1994, pages two and three."

The assignments of error are related and will be addressed together.

In its first assignment of error, ODOT argues that the trial court erred in overruling the motion to dismiss because the decision of the ODOT director denying relocation expenses is not an adjudication and is not subject to review pursuant to R.C. 119.12.  In its second assignment of error, ODOT argues that the trial court erred in finding that Columbia's request for reimbursement was subject to R.C. 163.53 and 5501.51 prior to the 1989 amendments.

In an appeal pursuant to R.C. 119.12, the trial court reviews the agency's order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with law.  When performing this review, the common pleas court may consider the credibility of competing witnesses, as well as the weight and probative character of the evidence.  To a limited extent, this standard of review permits the common pleas court to substitute its judgment for that of the administrative agency.  Nevertheless, "the Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts."  *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 67, 407 N.E.2d 1265, 1267.  An administrative agency's factual finding should not be disturbed by the common pleas court absent legally sufficient reasons for doing so.

On appeal to this court, the standard of review is more limited.  Unlike a court of common pleas, the court of appeals does not determine the weight of the evidence.  *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240, 1241.  In reviewing the common pleas court's determination that the agency's order is or is not supported by reliable, probative, and substantial evidence, the appellate court's role is, in part, limited to determining whether the common pleas court abused its discretion.  *Hartzog v. Ohio State Univ.* (1985), 27 Ohio App.3d 214, 216, 27 OBR 254,

255–256, 500 N.E.2d 362, 364–365. This standard of review is necessarily limited to issues such as the weight of evidence and credibility of witnesses as to which the common pleas court has some limited discretion. On questions of law, the common pleas court does not exercise discretion and the court of appeals' review is plenary. *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 587 N.E.2d 835, paragraph one of the syllabus; *In re Raymundo* (1990), 67 Ohio App.3d 262, 586 N.E.2d 1149.

In *Columbus S. Power Co. v. Ohio Dept. of Transp.* (1989), 63 Ohio App.3d 612, 579 N.E.2d 735, motion to certify overruled (1989), 47 Ohio St.3d 706, 547 N.E.2d 987 (*"CSP I "*), this court held, at 619, 579 N.E.2d at 740:

"Pursuant to R.C. Chapter 119, CSP has a right to appeal the decision of the hearing officer to the Court of Common Pleas of Franklin County. Because appellant has an adequate remedy at law, appellant is not entitled to relief by way of injunction or mandamus. Likewise, because appellant's appeal pursuant to R.C. Chapter 119 raises the same issues as the case herein, its declaratory judgment action was also improper."

ODOT argues this language is merely dicta. In *CSP I,* the utility had filed an action in common pleas court for injunction, declaratory judgment, mandamus, and reimbursement of relocation expenses and, in a separate action, had filed an appeal pursuant to R.C. 119.12. Thus, the language cited is not dicta, but was necessary to the determination of the issues in the case.

*CSP I* was followed in *Columbus S. Power Co. v. Ohio Dept. of Transp.* (Mar. 1, 1994), Franklin App. No. 93APE09–1280, unreported, 1994 WL 67711 (*"CSP II "*), wherein this court held that a party denied reimbursement for relocation expenses was entitled to appeal pursuant to R.C. Chapter 119. Appellant argues that *CSP II* is not applicable because that decision was predicated on a provision of the Ohio Administrative Code that is no longer in existence. It is appellant's position that Columbia's claim for reimbursement must be decided under R.C. 163.53 and 5501.51, as those statutes were amended in 1989, as well as Ohio Adm.Code 5501:2–5–01, as it became effective in July 1992.

Prior to the 1989 amendments to R.C. 163.53 and 5501.51, a public utility was not required to demonstrate any vested interest in the property being acquired for highway construction in order to be reimbursed for relocation costs. In 1989, R.C. 163.53(D)(1) was amended to require a public utility to show that it had "entered into a franchise or similar agreement with the state or local government on whose property, easement, or right-of-way such facility is located with respect to the use of such property, easement, or right-of-way" before it is entitled to recover its extraordinary expenses incurred as a result of the relocation. R.C. 5501.51 was amended so that, if the utility's facility was located on private property, it had to "evidence a vested interest in the nature of a fee interest, an

easement interest, or a lesser estate in the real property it occupies in the event that the utility possesses a vested interest in such property."

In *Ohio Edison Co. v. Ohio Dept. of Transp.* (June 21, 1994), Franklin App. No. 93AP–946, unreported 1994 WL 283648, motion to certify overruled (1994), 71 Ohio St.3d 1414, 641 N.E.2d 1112, *CSP II,* and *Columbus S. Power Co. v. Ohio Dept. of Transp.* (May 26, 1994), Franklin App. No. 93APE12–1728, unreported, 1994 WL 232257 (*"CSP III "*), this court found that a public utility's claim for reimbursement arises when the engineering plans for the move begin.

The hearing officer determined that the actual work on the project began in 1984, with the development of engineering plans for relocation of Columbia's facilities. In 1985, ODOT authorized Columbia to initiate the preliminary engineering work. Based on this court's holdings in *Ohio Edison, CSP II* and *CSP III,* the trial court correctly found Columbia's claims were to be determined under the pre–1989 law. Since, under the pre–1989 statutes, a public utility was not required to demonstrate any vested interest in the property on which its facilities were located in order to recover its relocation expenses, the trial court was correct in determining that Columbia is entitled to reimbursement. The trial court correctly found that the decision of the ODOT director was not in accordance with law and was not supported by reliable, probative, and substantial evidence.

For the foregoing reasons, appellants' first and second assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and LAZARUS, JJ., concur.