THE STATE, EX REL. ROOPE, APPELLANT AND CROSS-APPELLEE, *v.*
INDUSTRIAL COMMISSION OF OHIO, APPELLEE AND CROSS-APPELLEE;
ROADWAY EXPRESS, INC., APPELLEE AND CROSS-APPELLANT.

[Cite as State, ex rel. Roope, *v.* Indus. Comm. (1982), 2 Ohio St. 3d 97.]

98

(No. 82-428—Decided December 29, 1982.)

*Daniel D. Connor Co., L.P.A., Mr. Bruce L. Hirsch* and *Mr. Daniel D. Connor,* for appellant and cross-appellee, John W. Roope.

*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Robert A. Minor,* for appellee and cross-appellant, Roadway Express, Inc.

*Mr. William J. Brown,* attorney general, and *Mr. Gerald H. Waterman,* for appellee and cross-appellee, Industrial Commission.

CLIFFORD F. BROWN, J. The first issue to be decided is whether the commission's order was appealable. Where an appeal may be taken from an order of the commission, an action in mandamus may not be maintained. *State, ex rel. Benton,* v. *Columbus & Southern Ohio Elec. Co.* (1968), 14 Ohio St. 2d 130 [43 O.O.2d 238], paragraph one of the syllabus. Since R.C. 4123.519 provides that decisions of the commission, other than those as to the extent of disability, are appealable, we must determine whether the decision which is the subject of this mandamus action was "as to extent of disability" so that a mandamus action properly lies.

The commission determined that claimant was not entitled to additional compensation for the industrial injury suffered October 3, 1978. This court recently held that a decision of the commission which goes to a claimant's right to participate in the fund is appealable; however, a decision which merely extends the period of time for which a claimant will receive benefits concerns the extent of disability and is not appealable. *Gilbert* v. *Midland-Ross Corp.* (1981), 67 Ohio St. 2d 267 [21 O.O.3d 168], paragraph one of the syllabus. Here, claimant's right to participate in the fund as a result of his October 3, 1978 injury was determined in a previous decision not before this court. The November 12, 1980 commission order refused to extend the period of time for which claimant would receive benefits. Applying the language in the *Gilbert* opinion quoted above, it is apparent such a decision concerns extent of disability and is not appealable. Therefore, an action in mandamus is appropriate.[1]

---

[1] Cross-appellant vigorously argues that this case is controlled by paragraph two of the syllabus in *Gilbert,* which states:

Given the appropriateness of mandamus in this case, we must next determine if the commission abused its discretion by denying claimant's motion for additional compensation. In support of his petition, claimant contends certain misstatements in Dr. Meyer's report impugns its reliability, so that it must be discounted as evidence. Further, claimant maintains Dr. Braunlin's report cannot be considered as evidence. Rather, claimant urges that only his own physician, Dr. Longert, presented a report on which the commission may rely.

The evidence before the commission consisted of three physicians' reports, those of Drs. Longert, Meyer and Braunlin. Both Drs. Meyer and Braunlin concluded that the acute extrusion of a lumbrosacral disc from which claimant suffered occurred at the time of the home episode, and not as a result of the 1978 accident at work. Even claimant's own doctor, Dr. Longert, did not dispute that his condition may have been caused by factors other than the industrial injury. His report concluded, in part:

"It is my opinion that the patient's present condition certainly is a recurrence or exacerbation of his previous condition. The industrial claim, which was allowed in 1978, for recurrent injury to his back was without question at least contributing, if not the only contributing factor, to his subsequent radiculopathy, which was recognized approximately one year later. * * *"

Our examination of the reports before the commission leads to the conclusion that reliable, probative and substantial evidence in accordance with the law exists to support a factual finding and determination that claimant's period of disability did not result from his industrial injury of 1978. The claimed errors in the report of Dr. Meyer do not rise to such a level as to impute prejudice or unreliability on his part. Nor does Dr. Longert's report require the commission to conclude that the period of subsequent disability was merely an extension of the previous disability caused by the industrial injury. Accordingly, there was no evidence to support claimant's contention that the commission abused its discretion by denying his motion for additional com-

---

"A decision to reactivate a previously allowed claim now dormant, when there has been an intervening trauma, is, in effect, a decision going to claimant's right to participate in the fund for an injury or impairment not previously claimed or passed upon and is appealable."

The instant case however, is distinguishable from the situation addressed in *Gilbert*. In that action, the claimant suffered an injury *at work* after returning from a period of disability for a previous work-related injury. He filed a new claim for the second injury and sought to reactivate the earlier claim. Here, claimant suffered an exacerbation *at home* of his previous injury, and filed a motion for modification of the compensation order in the 1978 injury claim. There were not two separate work-related accidents or accident claims, as in *Gilbert*. That decision emphasized that when an intervening trauma arising from a second industrial accident results in an attempt to reactivate an earlier, dormant claim, the worker seeks, in effect, a decision granting the right to participate for an injury or impairment not previously claimed or passed upon. *Gilbert, supra*, at 272. Claimant here did not assert that an intervening trauma or later compensable claim exists. Rather, he sought a determination that the back injury sustained in 1978 was more serious than originally claimed, resulting in an additional period of disability. Such a claim is one as to extent of disability.

pensation, and the judgment of the court of appeals denying the requested writ is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY and LOCHER, JJ., concur.

KRUPANSKY, J., concurring. I agree with the majority there was sufficient evidence for the commission to determine the claimant's period of disability did not result from his industrial injury. In my view, however, the claimant had an adequate remedy at law by way of appeal. I, therefore, would also deny the writ of mandamus as not proper in this case.

An order of the Industrial Commission which determines a claimant's impairment "is not the result of a compensable injury" is a decision as to the claimant's right to participate in the Workers' Compensation Fund and is, therefore, appealable pursuant to R.C. 4123.519. *Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386 [10 O.O.3d 503]. Inasmuch as the commission decided, in the case at bar, that the claimant's disability was not the result of his industrial injury, and thus not compensable, the commission's decision determined the claimant's right to participate in the fund. The claimant could thus have appealed the commission's decision under R.C. 4123.519.

This court's recent decision in *Gilbert* v. *Midland-Ross Corp.* (1981), 67 Ohio St. 2d 267 [21 O.O.3d 168], is indistinguishable from the case *sub judice.* The syllabus in *Gilbert* states:

"1. A decision of the Industrial Commission which goes to a claimant's right to participate in the fund is appealable; however, a decision which merely extends the period of time for which a claimant will receive benefits concerns the extent of disability and is not appealable.

"2. A decision to reactivate a previously allowed claim now dormant, when there has been an intervening trauma, is, in effect, a decision going to claimant's right to participate in the fund for an injury or impairment not previously claimed or passed upon and is appealable."

Since the commission in the instant case decided not to reactivate a previously allowed claim because the claimant's disability was due to an intervening trauma and not due to a previously compensated injury, the commission's decision went to the claimant's right to participate in the fund, and this case falls squarely within the rule stated in *Gilbert.*

As the commission has conceded, "this case is directly on point with the relevant facts presented in *Gilbert* * * *." In *Gilbert* and the instant case:

(1) both claimants had returned to work following a period of disability attributable to a compensable injury;

(2) both claimants suffered a second injury;

(3) neither claimant was receiving disability at the time of the second injury;

(4) there was no existing period of disability but only a previous period of disability;

(5) both claimants requested compensation for the period of disability following the second injury; and

(6) the commission was faced with a determination of whether the claimant's disabilities were attributable to the first or second injury.

The only difference between the two cases is the setting of the second injury. In *Gilbert,* the second injury occurred at work, whereas, in the case *sub judice,* the second injury occurred at home. This difference is irrelevant because in both cases the commission was presented with precisely the same issue, *i.e.,* whether the disability was attributable to claimant's first or second injury. In *Gilbert,* the commission decided the second period of disability was attributable to the first injury, whereas in the case *sub judice* they did not. Nevertheless, in both cases, the commission was called upon to decide the identical question of *causation,* and the underlying theories are exactly the same.

As this court stated in *Gilbert* at page 271: "The decision in the instant case, though in form a reactivation of a previously allowed claim, is in substance a decision on the right to participate in the fund because it establishes a new period of disability with a new right to receive benefits. Interpreting the commission's order as merely extending the period of disability, as appellants would have us do, ignores the fact that appellant Gilbert was not disabled and not receiving any benefits at the time of the second injury." This reasoning applies with equal force in the instant case. Since the claimant here was not disabled or receiving any benefits at the time of his second injury, his second claim sought to establish a new period of disability and a new right to receive benefits. The commission's decision to disallow the claim was thus a decision to deny the claimant's right to participate in the fund.

It is clear this court's decision in *Gilbert* is directly on point with the case *sub judice,* and the result reached in the instant case should be the same in order to be consistent with *Gilbert.* For this reason, I would hold the claimant had an adequate remedy at law and mandamus is, therefore, not a proper remedy under the circumstances of this case.

HOLMES, J., concurs in the foregoing concurring opinion.