**HENRY, Appellee,**

v.

**MAYFIELD, Admr., et al.; Duriron Company, Inc., Appellant.**

[Cite as *Henry v. Mayfield* (1989), 62 Ohio App.3d 814.]

Court of Appeals of Ohio,
Montgomery County.

No. 11274.

Decided May 11, 1989.

*James R. Piercy,* for appellee.

*Thomas P. Whelley II* and *Melanie R. Mackin,* for appellant.

BROGAN, Judge.

Appellant, the Duriron Company, Inc. (hereinafter "Duriron"), appeals from the decision and entry of the trial court, dated October 6, 1988, dismissing

Duriron's case due to lack of subject matter jurisdiction pursuant to R.C. 4123.519.

Appellee, Linwood Henry (hereinafter "Henry"), was injured in the course of and arising out of his employment with Duriron on February 17, 1983. On that date, Henry filed a workers' compensation claim against Duriron, which claim was allowed for "low back sprain." That claim was assigned number 810208–22.

Subsequently, Henry became an employee of A & B Foundry, and on April 11, 1986, while in the course of his employment, reinjured his low back. Henry then filed a workers' compensation claim against A & B Foundry for aggravation of his low back condition. This claim was appealed through all administrative levels, but was ultimately denied by the Industrial Commission of Ohio in its January 6, 1988 decision. That claim was assigned number 86–18663.

Simultaneously, Henry filed a C–85–A motion to reactivate claim number 810208–22 against Duriron. Originally, the claim was denied by the district hearing officer on February 4, 1987. This denial was affirmed by the Dayton Regional Board on August 4, 1987. However, by order dated January 6, 1988, the staff hearing officers of the Industrial Commission of Ohio reversed the prior decisions and granted Henry's motion to reactivate.

In its order, the staff hearing officers found the following:

"[T]hat the medical treatment rendered for the claimants [*sic*] low back sprain by Dr. Ganeles for the period 4–11–86 to the present is causally related to the industrial injury of 2–17–83. The Staff Hearing Officers further find that the Claimant did not sustain a new injury to his low back on 4–11–86, but rather experienced an exacerbation of his low back strain as a result of this industrial injury."

Duriron filed its appeal from this decision with the Montgomery County Court of Common Pleas. In response, Henry filed a motion to dismiss pursuant to Civ.R. 12(B)(1) or (B)(6), or in the alternative, a motion for summary judgment. Henry argued that the court lacked subject matter jurisdiction pursuant to R.C. 4123.519, which states:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted * * *."

Henry contended that the order of the staff hearing officers comprised "a decision as to the extent of the disability." Therefore, the trial court was without jurisdiction to hear the appeal.

The trial court found Henry's argument to be persuasive, as revealed in its decision and entry of October 6, 1988: "[T]he appeal is with regard to the extent of disability and * * * the Court has not been given jurisdiction over the matter." Following the dismissal, Duriron filed the instant appeal.

■ Appellant's sole assignment of error states:

"The trial court erred in concluding, as a matter of law, that it lacked jurisdiction over the subject matter of this case on the basis that defendant-appellant's appeal involved extent of disability issues rather than right to participate issues, as mandated by R.C. 4123.519."

We agree, and therefore reverse the judgment of the trial court.

Our decision is based upon two significant Ohio cases: *Gilbert v. Midland–Ross Corp.* (1981), 67 Ohio St.2d 267, 21 O.O.3d 168, 423 N.E.2d 847, and *Roope v. Indus. Comm.* (1982), 2 Ohio St.3d 97, 2 OBR 649, 443 N.E.2d 157. The instant facts and procedural history are virtually identical to those of *Gilbert.*

In *Gilbert,* the claimant suffered a lower back injury while employed by Midland–Ross Corporation. He filed a workers' compensation claim and was awarded temporary total disability benefits. Subsequently, Midland–Ross sold its plant to Midland Steel Products Company. On September 10, 1970, Gilbert returned to work for the new company and eleven days later, reinjured his lower back.

As did Henry in the case *sub judice,* Gilbert filed simultaneous workers' compensation claims against both his former and current employers. The claim against his current employer was ultimately settled, but the application to reactivate the claim against Midland–Ross was appealed via the same route taken by the instant claim. Initially, Gilbert's application to reactivate was granted by the district hearing officer. Thereafter, the regional board of review denied the reactivation, but the Industrial Commission reversed the denial and reinstated the decision of the district hearing officer. Midland–Ross then appealed to the court of common pleas, which granted Gilbert's motion to dismiss on the grounds that the decision of the commission related to the extent of Gilbert's disability. The court of appeals reversed and held that the "decision of the commission went to the question of causation rather than extent of disability, and was therefore appealable." *Gilbert,* 67 Ohio St.2d at 268, 21 O.O.3d at 169, 423 N.E.2d at 848.

The issue here, as set forth by the *Gilbert* court, is "whether the decision of the Industrial Commission is appealable." *Id.* at 269, 21 O.O.3d at 169, 423 N.E.2d at 849. The instant arguments of claimant and former employer likewise parallel those espoused in *Gilbert.* Claimant's "theory is that the commission, by re-activating the [former employer's] claim, merely extended the period of disability under a previously allowed claim." *Id.* at 270, 21 O.O.3d at 170, 423 N.E.2d at 849. The former employer "argues in support of the holding of the Court of Appeals that the decision was one which determined a causal relationship between an injury and the claimant's disability and that it was therefore a decision other than as to the extent of the disability." *Id.*

Due to the factual identity of *Gilbert* and the case *sub judice,* we find that the reasoning of the *Gilbert* court controls here:

"The decision in the instant case, though in form a reactivation of a previously allowed claim, is in substance a decision on the right to participate in the fund because it establishes a new period of disability with a new right to receive benefits. Interpreting the commission's order as merely extending the period of disability, as appellants would have us do, ignores the fact that appellant Gilbert was not disabled and not receiving any benefits at the time of the second injury.

"* * *

"[A]ppellant returned to work before sustaining his second period of disability. * * * It is the temporal separateness of the periods of disability, coupled with the intervening trauma, which makes this case different from those in which an additional award of benefits was held to implicate only the extent of disability." (Citations omitted.) *Id.* at 271–272, 21 O.O.3d at 171, 423 N.E.2d at 850.

◼ Henry, like Gilbert, returned to work for a second employer at which point he was not receiving any benefits for disability. Only after he had begun employment with A & B Foundry did Henry sustain injury to his low back. This case contains the two elements crucial to the *Gilbert* analysis: temporal separateness of the periods of disability and intervening trauma. Therefore, we adopt the holding of the *Gilbert* court: "A decision to reactivate a previously allowed claim now dormant, when there has been an intervening trauma, is, in effect, a decision going to claimant's right to participate in the fund for an injury or impairment not previously claimed or passed upon and is appealable." *Id.* at paragraph two of the syllabus.

This court has previously examined the distinctions between the cases of *Gilbert* and *Roope v. Indus. Comm., supra.* In *Cansler v. Mayfield,* (Nov.

25, 1987), Montgomery App. No. 10531, unreported, 1987 WL 26748, *Roope* was summarized as follows at 6–7:

"Roope had a recognized industrial injury to his back in October 1978, for which he received temporary total disability compensation through October 25, 1978. In August 1979, Roope 'after starting his lawnmower *at home*, * * * felt a sharp pain in his lower back that doubled him over.' Roope was off work for two periods totalling more than seven months and filed a motion under his old claim number requesting temporary total benefits for those periods he was off work. Benefits were eventually denied by the Industrial Commission, precipitating Roope's action in mandamus. The writ was denied. One of the issues before the Ohio Supreme Court was whether the Commission's decision was as to the extent of disability. The Supreme Court held that it was. Footnote 1 of *Roope* states:

" 'Cross-appellant vigorously argues that this case is controlled by paragraph two of the syllabus in *Gilbert*, which states:

" ' "A decision to reactivate a previously allowed claim now dormant, when there has been an intervening trauma, is, in effect, a decision going to claimant's right to participate in the fund for an injury or impairment not previously claimed or passed upon and is appealable." ' '

"The instant case however, is distinguishable from the situation addressed in *Gilbert*. In that action, the claimant suffered an injury *at work* after returning from a period of disability for a previous work-related injury. He filed a new claim for the second injury and sought to reactivate the earlier claim. Here, claimant suffered an exacerbation *at home* of his previous injury, and filed a motion for modification of the compensation order in the 1978 injury claim. There were not two separate work-related accidents or accident claims, as in *Gilbert*. That decision emphasized that when an intervening trauma arising from a second industrial accident results in an attempt to reactivate an earlier, dormant claim, the worker seeks, in effect, a decision granting the right to participate for an injury or impairment not previously claimed or passed upon. *Gilbert, supra*, at 272 [423 N.E.2d at 850]. Claimant here did not assert that an intervening trauma or later compensable claim exists. Rather, he sought a determination that the back injury sustained in 1978 was more serious than originally claimed, resulting in an additional period of disability. Such a claim is one as to extent of disability."

In *Cansler*, the claimant appealed from an adverse summary judgment of the trial court which dismissed her complaint for lack of subject matter jurisdiction under R.C. 4123.519.

Cansler sustained a knee injury during the course of her employment, for which she claimed and received workers' compensation benefits. Thereafter, she suffered further knee injury in a non-industrial accident for which she desired to reactivate her former claim. Although the reactivation was initially granted by the district hearing officer, the regional board of review ultimately denied the reactivation which was found to be related to the non-industrial injury rather than the original injury.

The rationale and holding in *Cansler* state:

"The 'no intervening trauma' language of the *Roope* syllabus, and similar language in the footnote, are of some concern. The *Roope* facts suggest that the lawnmower incident did indeed cause the sharp disabling low back pain, and was, indeed, traumatic. However, what we find to be of primary importance in *Roope*, as in this case, is that the intervening incident causing the further difficulty was *not* work related. In our opinion, the facts of this case bear sufficient similarity to *Roope*, and are sufficiently dissimilar from those of *Gilbert*, where the issue hinged upon a second industrial injury, as to make *Roope* controlling here."

In the instant case, the facts are nearly identical to those in *Gilbert*. Therefore, we hold that the trial court possessed and should have asserted subject matter jurisdiction over Duriron's appeal pursuant to R.C. 4123.519.

Appellant's assignment of error is well-taken. The judgment of the trial court will be reversed and the cause will be remanded for further consideration in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

WOLFF, P.J., and WILSON, J., concur.