COOK, APPELLEE, *v.* MAYFIELD, ADMR., ET AL., APPELLANTS.

[Cite as Cook *v.* Mayfield (1989), 45 Ohio St. 3d 200.]

(No. 88-1009—Submitted May 2, 1989—Decided September 6, 1989.)

*Larrimer & Larrimer* and *James C. Ayers,* for appellee.

Anthony J. Celebrezze, Jr., attorney general, *Michael L. Squillace, Merl H. Wayman* and *Gerald H. Waterman,* for appellants.

ALICE ROBIE RESNICK, J. The issue before this court is whether an order by the Industrial Commission which denies a claim for further compensation apparently because of an "intervening incident" is a decision other than "as to the extent of disability." Deciding whether a decision is other than as to the extent of disability is not a new issue for this court. In fact it is a threshold question for courts to decide when determining if there is subject-matter jurisdiction over a decision appealed from the Industrial Commission.[2] This is because the commission has authority "to determine all rights of claimants." Section 35, Article II, Ohio Constitution. The commission has "sole and final jurisdiction to determine extent of disability, and thus the * * * amount of compensation to which a claimant is entitled to under

the Act. * * *" *Rummel* v. *Flowers* (1972), 28 Ohio St. 2d 230, 233, 57 O.O. 2d 467, 469, 277 N.E. 2d 422, 424.

The only right to appeal a decision of the Industrial Commission is that which is granted by statute. " 'The jurisdiction of the Court of Common Pleas over claims upon the State Insurance Fund * * * is wholly statutory, and is not included within its general jurisdiction. The Courts of Common Pleas do not have inherent jurisdiction in workmen's compensation cases but only such as is bestowed upon them under the provisions of the act.' " *Jenkins* v. *Keller* (1966), 6 Ohio St. 2d 122, 126, 35 O.O. 2d 147, 149, 216 N.E. 2d 379, 382. See, also, *Szekely* v. *Young* (1963), 174 Ohio St. 213, 22 O.O. 2d 214, 188 N.E. 2d 424, paragraph one of the syllabus; *Hospitality Motor Inns* v. *Gillespie* (1981), 66 Ohio St. 2d 206, 209, 20 O.O. 3d 208, 210, 421 N.E. 2d 134, 136, fn. 3.

Hence our decision focuses on R.C. 4123.519, in which the right to appeal a decision of the Industrial Commission is granted to both claimant and employer. R.C. 4123.519 provides that if a decision goes to the extent of disability, neither claimant nor employer may appeal. However, if the Industrial Commission's decision is one going to the claimant's right "to participate or to continue to participate in the fund," *id.,* then it is appealable.[3]

[2] The discussion in this case is confined only to those situations which involve intervening incidents. It does not apply to issues such as that presented in the case of *Seabloom Roofing & Sheet Metal Co.* v. *Mayfield* (1988), 35 Ohio St. 3d 108, 519 N.E. 2d 358.

[3] R.C. 4123.519 provides in pertinent part:

See *State, ex rel. General Motors Corp., v. Indus. Comm.* (1975), 42 Ohio St. 2d 278, 71 O.O. 2d 255, 328 N.E. 2d 387; *Gilbert* v. *Midland-Ross* (1981), 67 Ohio St. 2d 267, 21 O.O. 3d 168, 423 N.E. 2d 847.

Despite its apparently straightforward language, R.C. 4123.519 has been the source of considerable discussion by this court as well as by trial and appellate courts. "Clear though the above quoted language [in R.C. 4123.519] may have seemed to the drafters thereof, the myriad complications of industrial injury, and legislative and administrative efforts to justly cope therewith, have resulted in diffuse efforts by litigants and courts to resolve ensuing conflicts and uncertainties. Predictably, much attention has been directed to the meaning of 'extent of disability.' " *State, ex rel. Campbell,* v. *Indus. Comm.* (1971), 28 Ohio St. 2d 154, 155, 57 O.O. 2d 397, 397-398, 277 N.E. 2d 219, 220.

In *Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386, 10 O.O. 3d 503, 384 N.E. 2d 693, Chief Justice Leach, writing for a unanimous court, thoroughly analyzed the phrase "extent of disability" and attempted to provide much needed guidance as to what decisions were appealable. A review of cases by this court, as well as by appellate courts since *Zavatsky,* on the issue of appealability of a commission decision shows that determining whether a decision is one going to the extent of disability still can be an abstruse task for a court. The Industrial Commission makes our job more difficult when it does not explicitly state what evidence and factors it relied upon in rendering its decision. From as early as 1938, we consistently have stated that the Industrial Commission must clearly and precisely word its decisions so that "* * * confusion and delay could thus be avoided in the disposition of claims for compensation." *Simmons* v. *Indus. Comm.* (1938), 134 Ohio St. 456, 457, 13 O.O. 42, 43, 17 N.E. 2d 751, 752. See, also, *Rummel* v. *Flowers, supra,* at 237, 57 O.O. 2d at 471, 277 N.E. 2d at 426.

The decisions of the board of review and the Industrial Commission in the case before us demonstrate how imprecisely written decisions make it difficult for courts to determine whether a cause goes to the extent of disability or to the claimant's right to participate in the fund. The decision of the Dayton Regional Board of Review states that the "[c]laimant was not temporarily totally disabled from 9-26-84 to 12-2-84. Intervening incident on 9-19-84." This order was affirmed by the Industrial Commission which merely stated that the order is "supported by proof of record and is not contrary to law."

Such statements are insufficient and ineffective in determining whether an order is appealable. It is imperative that the district hearing officers, regional boards of review and the Industrial Commission, in decisions involving intervening incidents, clearly and fully state the exact nature of the intervening incident including whether it was work related and whether there was a causal nexus between the intervening trauma and the claimed

---

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of Section 4121.35 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state."

disability. To do otherwise results in a situation as we have before us. The appellate court had to "assume" from the record before it "that the intervening incident and not the original injury was the cause of any disability between September 26, 1984 and December 2, 1984." Without the administrative decision being explicit there is no way to determine whether the question is one of "right to participate" or "extent of disability."

The appellate court appears to have relied on the language in the syllabus of both *Gilbert, supra,* and *State, ex rel. Roope,* v. *Indus. Comm.* (1982), 2 Ohio St. 3d 97, 2 OBR 649, 443 N.E. 2d 157, which discusses the presence of an intervening injury or trauma. In *Gilbert,* we stated, at paragraph two of the syllabus, that "[a] decision to reactivate a previously allowed claim now dormant, *when there has been an intervening trauma,* is, in effect, a decision going to claimant's right to participate in the fund for an injury or impairment not previously claimed or passed upon and is appealable." (Emphasis added.)

In *Roope,* again the focus was on intervening trauma. "A decision of the Industrial Commission to grant or deny additional compensation for a previously allowed claim, *when there is no intervening trauma* but merely aggravation of a previously existing condition, is a decision which goes to a claimant's extent of disability and is not appealable. * * *" (Emphasis added.) *Id.* at the syllabus.

Appellants herein correctly point out that this court, in *Roope,* distinguished between an intervening industrial injury or trauma occurring at work and an aggravation of a previously existing condition occurring at home. In *Roope,* the claimant, when starting his lawnmower at home, appeared to have aggravated a pre-

existing condition for which he had received temporary total disability compensation. The claimant filed a motion under his old claim number requesting that he receive temporary total disability payments for the time he was unable to work subsequent to the lawnmower incident. The commission denied the motion. On appeal to our court, we stated that the decision was as to the extent of disability. We distinguished this case from *Gilbert,* where "* * * the claimant suffered an injury *at work* after returning from a period of disability for a previous work-related injury. He filed a new claim for the second injury and sought to reactivate the earlier claim. * * *" *Roope, supra,* at 100, 2 OBR at 651, 443 N.E. 2d at 159, fn. 1. In *Roope,* there were not two separate work-related accidents, as there were in *Gilbert*; instead, the claimant was seeking a determination that the previous injury was more serious than originally thought. Thus, this court found that claimant's attempt to receive additional compensation for the earlier compensable injury was one as to the extent of disability.

Appellants contend that because appellee does not state that he suffered an intervening injury at work, *Roope* should control. In the case before us, the regional board and the commission do not state whether the alleged intervening incident occurred at home or at work. Appellee maintains that he suffered no intervening injury. He essentially argues that there is a question of causation. It appears from the regional board's order, which was affirmed by the commission, that it found that the intervening incident and not the original compensable injury caused the disability from September 26, 1984 through December 2, 1984. Such an order implies, but does not expressly state, that the intervening inci-

dent was not a compensable injury and, thus, there was no causal relationship between a compensable injury and an ensuing disability.

Ascertaining whether the injury was work related and that there was a causal nexus between the injury and the claimed disability are threshold questions which must be resolved in order to determine if a claimant has the right to participate in the fund. "In order to establish a right to workmen's compensation for harm or disability claimed to have resulted from an accidental injury, it is necessary for the claimant to show by a preponderance of the evidence, medical or otherwise, not only that his injury arose out of and in the course of his employment but that a direct and proximate causal relationship existed between his injury and his harm or disability." *Fox* v. *Indus. Comm.* (1955), 162 Ohio St. 569, 55 O.O. 472, 125 N.E. 2d 1, paragraph one of the syllabus. See, also, *Carpenter* v. *Scanlon* (1958), 168 Ohio St. 139, 140, 5 O.O. 2d 386, 387, 151 N.E. 2d 561, 562; *Keels* v. *Chapin & Chapin* (1966), 5 Ohio St. 2d 112, 113, 34 O.O. 2d 249, 250, 214 N.E. 2d 428, 429.

As we stated in *Hospitality Motor Inns, supra,* at 212, 20 O.O. 3d at 212, 421 N.E. 2d at 138, "* * * merely uttering the incantation 'causal relationship' upon the grant or denial of any claim for benefits subsequent to the original award * * *" should not be used to circumvent the operation of R.C. 4123.519. In *Hospitality Motor Inns,* the claimant was granted compensation for temporary total disability for the period from August 1, 1973 to February 1, 1974. In November 1974 the claimant filed a motion for temporary total benefits from February 2, 1974. The motion was granted and the employer appealed. The employer argued that the decision necessarily was appealable because the commission must have determined that there was a causal "nexus" between the 1973 injury and the request for further compensation. We held, however, that the commission had "merely extended the duration of compensation being paid for injuries determined to be compensable in a previously allowed claim," *id.* at 212, 20 O.O. 3d at 212, 421 N.E. 2d at 138, and thus its decision was as to the extent of disability.

In *Zavatsky, supra,* the court discussed the appealability of decisions which denied or granted a claim on the basis that it was not due to a compensable injury. In that case, one of the claimants was denied compensation for some, but not all, of his medical conditions arising from an industrial accident on the basis that the disallowed conditions were not the result of or related to the allowed injury. In our review of prior decisions on that issue, we summarized that "* * * a denial of a claim on the basis that the claimant's disability is not due to a compensable injury is equivalent to the denial of the claim on a 'jurisdictional ground.' * * *" (Citations omitted.) *Zavatsky, supra,* at 393, 10 O.O. 3d at 507, 384 N.E. 2d at 698. We also stated in reference to *Carpenter* v. *Scanlon* (1958), 168 Ohio St. 139, 5 O.O. 2d 386, 151 N.E. 2d 561, that "* * * so far as the claimant is concerned, his rights to appeal a decision denying compensation, *or additional compensation,* on the ground that the disabling condition which was the subject of the claim was not the result of a compensable injury, were in no way affected by the repeal in 1955 of R.C. 4123.51, and the enactment of R.C. 4123.519." (Emphasis added.) *Zavatsky, supra,* at 394, 10 O.O. 3d at 508, 384 N.E. 2d at 699. Thus, we held that the Industrial Commission's decision which denied claimant "the right to participate in the

workers' compensation fund for injury to a specific part or parts of the body involving loss or impairment of bodily functions on the basis that such was or was not the result of a compensable injury, is a decision other than one as to the extent of disability and * * * may be appealed * * *." *Id.* at paragraph one of the syllabus.

However, we recognize that in *Zavatsky,* one of the claimants alleged she suffered from a new medical condition arising from the original injury. The other claimant was appealing a decision that allowed for some but not all of the disabilities. Neither case involved an intervening cause which ended the claimant's right to continue to participate in the fund. Thus, *Zavatsky* is not dispositive of the case before us.

Our decision in *Gilbert, supra,* also focused on the causal relationship between injury and disability. There, a claimant, an employee of Midland-Ross Corporation, suffered an industrial accident in 1975 for which he was awarded temporary total disability benefits. During claimant's disability, Midland-Ross sold the plant at which the claimant worked to Midland Steel Products. Eleven days after returning to work at Midland Steel Products, the claimant again was injured. The claimant filed both a new claim against Midland Steel Products for the later injury as well as an application to reactivate the earlier claim against Midland-Ross. The Industrial Commission refused an appeal from the regional board's denial of the claim against Midland Steel Products but ordered reactivation of the earlier claim. On appeal, this court decided that the commission's decision was appealable because it "* * * determined a causal relationship between an injury and the claimant's disability and that it was therefore a decision other than as

to the extent of disability." *Gilbert, supra,* at 270, 21 O.O. 3d at 170, 423 N.E. 2d at 849.

In *Gilbert,* we emphasized that the claimant's right to participate for the original accident essentially had ceased when he returned to work. His request for compensation for the second injury after he returned to work in effect "* * * began a new period of disability and therefore a renewed right to participate. This is not the same as merely extending an existing period of disability. It is the temporal separateness of the periods of disability, coupled with the intervening trauma, which makes this case different from those in which an additional award of benefits was held to implicate only the extent of disability." *Id.* at 271-272, 21 O.O. 2d at 171, 423 N.E. 2d at 850.

In the instant case it appears that appellee was requesting further compensation for the original injury. Indeed, the hearing officer's order stated that appellee was unable to continue his regular employment "as a result of the recognized condition in this claim." There is no indication that there were two separate periods of disability as there were in *Gilbert.*

Thus if appellee were merely requesting additional compensation for a previously allowed condition, the commission's decision on this request would be as to the extent of disability. "Once a claimant's right to participate in the Workers' Compensation Fund for an injury to a specific part of the body has been determined, any further determination of the Industrial Commission pertaining to the computation of compensation payable under the workers' compensation law for that specific injury is as to 'extent of disability,' and is not appealable pursuant to R.C. 4123.519. * * *" *State, ex rel. Bosch,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 94, 1 OBR 130, 438 N.E. 2d

415, at the syllabus. However, if appellee requested compensation for a new injury which would trigger a new period of disability, this, as in *Gilbert*, would be appealable because it would determine appellee's right to participate in the fund.

We cannot second-guess what the Dayton Regional Board of Review meant by "intervening incident." This is why sufficient facts must be set forth so that a court can adequately review the decisions and determine if they are appealable. Because the decision here provides us with no information regarding the intervening cause, such as how and where it occurred or whether appellee had returned to work, we must vacate the judgment of the court of appeals and remand this cause to the Industrial Commission for clarification of its findings and its orders.

*Cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

