OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Justine Michael, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

     The State ex rel. Evans, Appellee, v. Industrial
Commission of Ohio et al., Appellants.
     [Cite as State ex rel. Evans v. Indus. Comm. (1992),
Ohio St.3d     .]
Workers' compensation -- Industrial Commission decision does
     not determine employee's right to participate in State
     Insurance Fund unless decision finalizes allowance or
     disallowance of employee's claim -- Commission decision to
     grant or deny additional benefits under an existing claim
     does not determine worker's right to participate in State
     Insurance Fund and is not subject to appeal pursuant to
     R.C. 4123.519.
1.   An Industrial Commission decision does not determine an
     employee's right to participate in the State Insurance
     Fund unless the decision finalizes the allowance or
     disallowance of the employee's claim.  (Afrates v. Lorain
     [1992], 63 Ohio St.3d 22, 27, 584 N.E.2d 1175, 1179,
     followed.)
2.   The Industrial Commission's decision to grant or deny
     additional benefits under an existing claim does not
     determine the worker's right to participate in the State
     Insurance Fund, and is not subject to appeal pursuant to
     R.C. 4123.519.  (Gilbert v. Midland-Ross Corp. [1981], 67
     Ohio St.2d 267, 21 O.O.3d 168, 423 N.E.2d 847, overruled
     to the extent inconsistent herewith.)
     (No. 90-2480  -- Submitted April 14, 1992 -- Decided July
22, 1992.)
     Appeal from the Court of Appeals for Franklin County, No.
88AP-984.
     Gordon E. Evans, relator-appellee, suffered back injuries
as a result of an accident that occurred on October 7, 1986,
while he was employed as a temporary laborer for Personnel Pool
of Columbus, Inc., respondent-appellant.  Evans filed a claim
for his injuries with the Industrial Commission of Ohio,
respondent-appellant, on March 19, 1987.  A district hearing
officer heard the claim on May 31, 1987 and awarded Evans
temporary total disability compensation from October 8, 1986
through December 30, 1986 for lumbosacral strain.  In the same
order, the hearing officer denied benefits after December 30,

1986, stating:

"* * * It is the finding of the District Hearing Officer that the claimant suffered an intervening injury on or about 1-1-87, when he slipped and fell on ice. (See 1-8-87 Emergency Room Report.) It is further the finding of the District Hearing Officer that the intervening injury substantially aggravated the claimant's pre-existing lumbosacral strain. That finding is based on the apparent lack of medical treatment from 10-30-86 through 1-8-87.

"Therefore, medical bills incurred after 1-8-87 are denied."

The regional board of review and the Industrial Commission denied Evans' appeal. Evans thereafter filed a complaint in mandamus in the Franklin County Court of Appeals, contending that the commission had abused its discretion and seeking further temporary total disability compensation and medical benefits. The court of appeals held that a writ of mandamus was the appropriate remedy because Evans was not entitled to an R.C. 4123.519 appeal.1 The court based its reasoning on two facts: (1) the second accident (the fall on the ice) was not work-related, and (2) Evans did not return to work between the two accidents. See State ex rel. Roope v. Indus. Comm. (1982), 2 Ohio St.3d 97, 2 OBR 649, 443 N.E.2d 157. The court of appeals granted the writ of mandamus.

The cause is now before this court upon an appeal as of right.

Robert B. Liss, for appellee.

Lee I. Fisher, Attorney General, and Jeffery W. Clark, for appellant Industrial Commission.

Bruce L. Hirsch, for appellant Personnel Pool of Columbus, Inc.

Wright, J. The appropriate form of postadministrative relief from an Industrial Commission decision depends on whether that decision determines an employee's right to participate in the State Insurance Fund. Under R.C. 4123.519, an employer or claimant can appeal only those decisions that involve a claimant's right to participate or to continue to participate in the fund. Afrates v. Lorain (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175. If a claimant can appeal under R.C. 4123.519, the claimant is not entitled to a writ of mandamus because he or she has an adequate remedy available at law.2 State ex rel. O.M. Scott & Sons Co. v. Indus. Comm. (1986), 28 Ohio St.3d. 341, 343, 28 OBR 406, 408, 503 N.E.2d 1032, 1034; State ex rel. Benton v. Columbus & Southern Ohio Elec. Co. (1968), 14 Ohio St.2d 130, 43 O.O.2d 238, 237 N.E.2d 134, paragraph one of the syllabus. In this case, the commission decided that the claimant was not entitled to compensation because his injury was substantially aggravated by an intervening non-work accident. As a threshold matter, we are required to determine whether that decision involved the claimant's right to participate or to continue to participate in the State Insurance Fund.

The right to participate in the fund has been defined in numerous cases. See, e.g., Gilbert v. Midland-Ross Corp. (1981), 67 Ohio St.2d 267, 21 O.O.3d 168, 423 N.E.2d 847;

Zavatsky v. Stringer (1978), 56 Ohio St.2d 386, 10 O.O.3d 503, 384 N.E.2d 693; Reeves v. Flowers (1971), 27 Ohio St.2d 40, 56 O.O.2d 22, 271 N.E.2d 769. Today, we again attempt to define the circumstances under which a decision involves the right to participate. An Industrial Commission decision does not determine an employee's right to participate in the State Insurance Fund unless the decision finalizes the allowance or disallowance of the employee's claim. Afrates v. Lorain, supra, 63 Ohio St.3d at 27, 584 N.E.2d at 1179, followed.

Certain decisions obviously do not involve the claimant's right to participate. In Afrates v. Lorain, for example, the commission granted the employer leave to file an objection to the employee's application for benefits. This decision "* * * was simply a ruling on the motion filed by the city requesting a determination whether it had received notice of the April 1987 provisional order" and did not involve the employee's right to participate in the State Insurance Fund. Id. At the other extreme, some decisions clearly determine an employee's right to participate in the fund. See, e.g., State ex rel. Consolidation Coal Co. v. Indus. Comm. (1985), 18 Ohio St.3d 281, 18 OBR 333, 480 N.E.2d 807 (a decision that the Industrial Commission has continuing jurisdiction over a claim because the claimant acted within the time frame mandated in R.C. 4123.52 is appealable); Keels v. Chapin & Chapin, Inc. (1966), 5 Ohio St.2d 112, 34 O.O.2d 249, 214 N.E.2d 428 (a decision that a claimant's disability is not the result of a work-related accident is appealable).

It is less obvious whether the Industrial Commission determines an employee's right to participate when it decides that a compensable accident is not the cause of a later injury. An employee may suffer several periods of disability from relapses or aggravation of injuries from an initial work-related accident. When symptoms reoccur, the employee files an application to reactivate benefits under the original claim number. R.C. 4123.52 and Ohio Adm. Code 4121-3-15(B). At times, the commission will decide, as it did in this case, that the later period of disability was not caused by a work-related accident.

This court has previously addressed the claimant's right to appeal in similar situations. See Gilbert v. Midland-Ross, supra; State ex rel. Roope v. Indus. Comm. (1982), 2 Ohio St.3d 97, 2 OBR 649, 443 N.E.2d 157. See, also, Cook v. Mayfield (1989), 45 Ohio St.3d 200, 203, 543 N.E.2d 787, 791. In Gilbert v. Midland-Ross, the claimant (Gilbert) injured his back while in the employ of Midland-Ross Corporation and received temporary total disability benefits under his workers' compensation claim. He then returned to work for a successor corporation and reinjured his back eleven days later. Gilbert filed a new claim against the successor employer, and sought to reactivate his previous claim against Midland-Ross. The Industrial Commission reactivated Gilbert's benefits under the existing claim, but refused Gilbert's appeal on the new claim. The parties eventually settled the new claim, and the only decision appealed to this court was the commission's decision to reactivate Gilbert's previous claim. This court held that "[a] decision to reactivate a previously allowed claim now dormant, when there has been an intervening trauma, is, in

effect, a decision going to claimant's right to participate in the fund for an injury or impairment not previously claimed or passed upon and is appealable."  Gilbert, supra, at paragraph two of the syllabus.

In State ex rel. Roope v. Indus. Comm., supra, an employee aggravated an existing back injury at work and received temporary total disability compensation.  Approximately ten months later, he felt a sharp pain in his back while starting his lawnmower, and filed a motion for additional compensation (in effect, an application to reactivate benefits).  This court held that Roope could not appeal the commission's denial of his motion because "[a] decision of the Industrial Commission to grant or deny additional compensation for a previously allowed claim, when there is no intervening trauma but merely aggravation of a previously existing condition, is a decision which goes to a claimant's extent of disability, and is not appealable.  * * *"  Id. at syllabus.  Our opinion distinguished Roope from Gilbert based on the fact that Roope's injury was exacerbated at home, while Gilbert was injured in two work-related accidents.

In the case currently before us, the court of appeals applied the factual distinction set forth in State ex rel. Roope v. Indus. Comm. to this case, and held that the commission's decision was not appealable because it was a decision as to the extent of disability.  At this time, we wish to clarify that the factual distinction that was made in Roope does not control the form of the claimant's postadministrative relief.  As we emphasized earlier, an Industrial Commission decision is appealable if the decision is a final denial or grant of compensation for a particular claim.  It is this test, and not the factual distinction made in Roope, that controls whether a decision is subject to appeal pursuant to R.C. 4123.519.

The Industrial Commission's refusal to reactivate benefits under an existing claim does not finalize the disallowance of the employee's claim because that decision does not foreclose all future compensation under that claim.3  For this reason, the Industrial Commission's decision to deny or grant additional benefits under a previous claim does not determine the worker's right to participate in the State Insurance Fund, and is not subject to appeal pursuant to R.C. 4123.519. Gilbert v. Midland-Ross, supra, is hereby overruled to the extent it is inconsistent with this opinion.

In this case, the commission did more than simply refuse to grant additional benefits for a specified time period.  The hearing officer denied both temporary total disability benefits after December 30, 1986 and "medical bills incurred after 1-8-87."  We understand this order to permanently foreclose Evans from receiving any further benefits under the claim he filed for the original accident that occurred at work on October 7, 1986.  This flat prohibition of any future benefits determines the claimant's right to participate in the State Insurance Fund and is subject to appeal pursuant to R.C. 4123.519.  Because Evans could have appealed this decision, he had an adequate remedy at law, and thus he is not entitled to a writ of mandamus.  The judgment of the court of appeals is reversed and the complaint in mandamus is dismissed.

                    Judgment reversed
                    and complaint dismissed.
     Moyer, C.J., Holmes and H. Brown, JJ., concur.
     Sweeney, Douglas and Resnick, JJ., dissent.
FOOTNOTES:
     1  The court of appeals held that Evans was not entitled
to an appeal pursuant to R.C. 4123.519 because the commission's
decision concerned the extent of his disability.  Under
existing case law at the time of the court of appeals'
decision, a claimant could appeal any Industrial Commission
decision under R.C. 4123.519, except a decision as to the
extent of disability.  Seabloom Roofing & Sheet Metal Co. v.
Mayfield (1988), 35 Ohio St.3d 108, 110-111, 519 N.E.2d 358,
360; State ex rel. O.M. Scott & Sons Co. v. Indus. Comm.
(1986), 28 Ohio St.3d 341, 343-344, 28 OBR 406, 408-409, 503
N.E.2d 1032, 1034-1035.  These decisions were recently
overruled in Afrates v. Lorain (1992), 63 Ohio St.3d 22, 584
N.E.2d 1175.
     2  In order to establish a right to a writ of mandamus, a
relator must demonstrate: (1) that he has a clear legal right
to the relief prayed for; (2) that the respondent is under a
clear legal duty to perform the requested act;  and (3) that
the relator has no plain and adequate remedy in the ordinary
course of the law.  State ex rel. O.M. Scott & Sons Co., supra,
at 342-343, 503 N.E.2d at 1034; State ex rel. Westchester
Estates, Inc. v. Bacon (1980), 61 Ohio St.2d 42, 15 O.O.3d 53,
399 N.E.2d 81, paragraph one of the syllabus.
     3  The Industrial Commission retains continuing
jurisdiction over a worker's claim for at least six years from
the date of injury.  R.C. 4123.52.  During that period, a
worker may apply to reactivate benefits under a earlier claim
if the injury reoccurs.  Id.; Ohio Adm. Code 4121-3-15(B).  If
the application to reactivate benefits is denied, the claimant
is not foreclosed from filing subsequent applications each time
the injury recurs.
     Alice Robie Resnick, J., dissenting.  I respectfully
dissent, and would instead affirm the court of appeals'
decision to grant a writ of mandamus.  This case clearly
involves a decision of the Industrial Commission which goes to
the extent of disability.  Therefore, the decision is not
appealable pursuant to R.C. 4123.519.
     The majority cites the relevant case law, i.e., State ex
rel. Roope v. Indus. Comm. (1982), 2 Ohio St.3d 97, 2 OBR 649,
443 N.E.2d 157; and Gilbert v. Midland-Ross Corp. (1981), 67
Ohio St.2d 267, 21 O.O.3d 168, 423 N.E.2d 847, but then comes
to a conclusion that defies logic.  Today, a majority of this
court state that "[t]he Industrial Commission's refusal to
reactivate benefits under an existing claim does not finalize
the disallowance of the employee's claim because that decision
does not foreclose all future compensation under that claim."
This has always been true.  However, some decisions of the
commission are appealable if they go to the right to
participate.  Any decision regarding a new claim being filed
under the prior allowed claim clearly goes to the extent of
disability as opposed to the right to participate.  Hence, it
is not appealable.  There is no need to further confuse this
area of the law by revising Gilbert.  Gilbert is not relevant

to the present situation.  Rather, from a purely factual
standpoint, the present case is more akin to Roope, supra.
Herein, as in Roope, an employee was awarded compensation for a
work-related injury, and later incurred a nonwork-related
injury.  Yet, the majority utilizes the instant case to
overrule Gilbert, a case that is factually distinguishable from
the case now before this court.  In Gilbert, the injured
employee was awarded compensation, but later suffered another
work-related injury.  Therefore, this court is currently
confronted with a Roope-type case, and not a Gilbert-type case.

In Cook v. Mayfield (1989), 45 Ohio St.3d 200, 543 N.E.2d
787, we compared and contrasted the holdings of Gilbert and
Roope, stating as follows:

"* * *  In Gilbert, we stated, at paragraph two of the
syllabus, that '[a] decision to reactivate a previously allowed
claim now dormant, when there has been an intervening trauma,
is, in effect, a decision going to claimant's right to
participate in the fund for an injury or impairment not
previously claimed or passed upon and is appealable.'

"In Roope, again the focus was on intervening trauma.  'A
decision of the Industrial Commission to grant or deny
additional compensation for a previously allowed claim, when
there is no intervening trauma but merely aggravation of a
previously existing condition, is a decision which goes to a
claimant's extent of disability and is not appealable.  * * *'
Id. at the syllabus.

"Appellants herein correctly point out that this court, in
Roope, distinguished between an intervening industrial injury
or trauma occurring at work and an aggravation of a previously
existing condition occurring at home.  In Roope, the claimant,
when starting his lawnmower at home, appeared to have
aggravated a preexisting condition for which he had received
temporary total disability compensation.  The claimant filed a
motion under his old claim number requesting that he receive
temporary total disability payments for the time he was unable
to work subsequent to the lawnmower incident.  The commission
denied the motion.  On appeal to our court, we stated that the
decision was as to the extent of disability.  We distinguished
this case from Gilbert, where '* * * the claimant suffered an
injury at work after returning from a period of disability for
a previous work-related injury.  He filed a new claim for the
second injury and sought to reactivate the earlier claim. * * *'
Roope, supra [2 Ohio St.3d], at 100, 2 OBR at 651, 443 N.E.2d
at 159, fn. 1.  In Roope, there were not two separate
work-related accidents,  as there were in Gilbert; instead, the
claimant was seeking a determination that the previous injury
was more serious than originally thought.  Thus, this court
found that claimant's attempt to receive additional
compensation for the earlier compensable injury was one as to
the extent of disability." (Emphasis omitted.)  Cook v.
Mayfield, supra, at 203, 543 N.E.2d at 791.

The court of appeals' findings of fact and conclusions of
law, as adopted from the referee's report, correctly stated
that "this action is controlled by the Roope decision and
therefore relator did not have the right to appeal the
commission's denial of compensation and benefits based upon an
intervening accident.  The May 31, 1987 order of the district

hearing officer clearly sets forth sufficient findings for this court to determine that the decision was entirely one as to the extent of disability.  * * *  The district hearing officer found that the intervening accident was '* * * non-work related * * *' in contrast with the situation in Gilbert."

On this basis, the court of appeals correctly found that relator Evans does not have a plain and adequate remedy at law by way of appeal under R.C. 4123.519, which would bar this action in mandamus.  I respectfully dissent, and in following this court's prior holdings in Roope and Cook, I would allow the writ.

Sweeney and Douglas, JJ., concur in the foregoing dissenting opinion.