[Cite as *Douglas-Garcia v. Whirlpool Corp.*, 2014-Ohio-3622.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

| | |
|---|---|
| Margaret Douglas-Garcia | Court of Appeals No. S-13-010 |
| Appellant | Trial Court No. 11-CV-59 |
| v. | |
| Whirlpool Corporation and Administrator, Bureau of Workers' Compensation | **DECISION AND JUDGMENT** |
| Appellees | Decided: August 22, 2014 |

* * * * *

Margaret Douglas-Garcia, pro se.

Michael L. Maxfield, for appellee, Whirlpool Corporation.

* * * * *

**JENSEN, J.**

## Introduction

{¶ 1} Appellant, Margaret Douglas-Garcia, challenges a jury verdict that denied her motion to amend her workers' compensation claim. Appellant alleges that jury

interrogatories were "skewed," that certain medical evidence was improperly "omitted," and that other medical evidence should have been "thrown out." For the reasons that follow, we affirm the decision of the trial court.

### Statement of Facts and Procedural History

{¶ 2} Appellant worked for appellee, Whirlpool Corporation, as an assembler of washing machines. On August 11, 2003, appellant injured her right shoulder while in the course of and arising out of her employment. Appellant filed a workers' compensation claim, which was allowed for "right shoulder impingement syndrome" and "right radial tunnel syndrome." Appellant's original injury and the allowed conditions are not at issue in this case.

{¶ 3} Appellant underwent two surgeries, after which she received physical therapy. In 2006, during the course of that physical therapy, appellant claims she developed symptoms related to her right ulnar nerve, necessitating a third surgery.

{¶ 4} On May 28, 2008, appellant filed a motion requesting that her workers' compensation claim be amended to include the condition of "right ulnar nerve with superficial cellulitis" as a direct or proximate result of her 2003 injury.

{¶ 5} Appellant's motion was denied at the district and staff levels of the Industrial Commission of Ohio. By order mailed December 5, 2008, the Industrial Commission refused appellant's appeal.

{¶ 6} Pursuant to R.C. 4123.512, appellant appealed to the Court of Common Pleas of Sandusky County on February 2, 2009. Appellant voluntarily dismissed the complaint on January 20, 2010, pursuant to Civ.R. 41(A)(1)(a). She refiled the complaint on January 19, 2011.

{¶ 7} The case was tried to a jury on June 5 and 6, 2012. Appellant was represented by an attorney during the trial. The jury returned a verdict for appellees, Whirlpool Corporation and the Bureau of Workers' Compensation. On January 29, 2013, the trial court issued a journal entry denying appellant the right to participate in the workers' compensation fund for "ulnar addition or sublexation of right ulnar nerve with cellulitis."

{¶ 8} On February 13, 2013, appellant, acting pro se, filed a motion for a new trial. The trial court denied the motion on February 21, 2013. Appellant filed a notice of appeal on February 22, 2013.

**Appellant's Brief and the Potential Assignments of Error**

{¶ 9} Appellant's amended brief fails to state any assignments of error or to provide any legal arguments to support her appeal, in contravention of App.R. 16(A)(3) and (7). Therefore, we will construe the three page document, attached to the praecipe, as appellant's assignments of error. From our reading of that document, entitled "Probable Issues for Review," we glean six assignments of error. We describe them as follows:

3.

1. The trial court erred by omitting various medical records and testimony.

2. The trial court erred in admitting the testimony of Martin Skie, M.D.

3. The trial court erred in selecting jury interrogatories that were "skewed."

4. The trial court erred in charging court costs to appellant.

5. The trial court erred in denying appellant's motion for a new trial.

6. The trial court erred in failing to order appellee Whirlpool Corporation to pay for appellant's medical bills and prescriptions.

**Law and Analysis**

{¶ 10} Appellant's first potential assignment of error involves "omitted" medical evidence. Appellant argues that her physician of record, Douglas Hoy, M.D., should have been called to testify at trial and that four of Dr. Hoy's letters should have been offered into evidence. Appellant states "Dr. Hoy was not asked or offered" to testify at trial by her attorney, a decision with which she disagreed.

{¶ 11} Appellant complains that other records were also improperly "omitted," including a letter from Paul Reed, M.D.; a report from Donato Borrillo, M.D., and physical therapy records from 2003 to 2007. Appellant claims that "it is my belief that a completely different outcome/verdict would have been given if these witnesses and/or evidence had been presented to the jury and Judge by my attorney."

4.

{¶ 12} First, we note that, although Dr. Borrillo's report may not have been offered as an exhibit, he did testify at trial on appellant's behalf. More importantly, appellant's complaint - that certain medical evidence was not offered at trial - is directed at her own attorney, not at any ruling by the trial court. As appellant is not challenging a decision by the trial court regarding the exclusion of evidence, there is no issue for this court to decide. Moreover, we will not question the trial tactics of appellant's attorney. "Generally, counsel's decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court." (Citation omitted.) *State v. Treesh,* 90 Ohio St.3d 460, 490, 739 N.E.2d 749 (2001). Appellant's first potential assignment of error is not well-taken.

{¶ 13} In her second potential assignment of error, appellant maintains that Dr. Skie perjured himself during his trial deposition and that his testimony should have been "thrown out." Dr. Skie performed two surgeries on appellant and treated her between 2003 and 2007. Dr. Skie was called to testify at trial by Whirlpool. Appellant disputes Dr. Skie's testimony, that appellant first mentioned her ulnar nerve six months after her second surgery. Again, however, appellant's criticism is aimed at her attorney, this time for failing to call her as a rebuttal witness to refute Dr. Skie's testimony. We note that during the course of Dr. Skie's testimony, appellant's counsel did not object to his testimony. Counsel also thoroughly cross-examined the witness.

{¶ 14} The court will not consider issues on appeal that have not been raised before the trial court. "It is a fundamental rule of appellate procedure that a reviewing

5.

court will not consider as error any issue that a party failed to bring to the trial court's attention." *Kenwood Garden Assoc., L.L.C. v. Shorter,* 6th Dist. Lucas No. L-12-1184, 2013-Ohio-838, ¶ 8, citing *Schade v. Carnegie Body Co.,* 70 Ohio St.2d 207, 210, 436 N.E.2d 1001 (1982). The record discloses that appellant did not move to strike, or otherwise object to Dr. Skie's testimony during trial. Therefore, we hold that the error has been waived. *Stores Realty Co. v. Cleveland,* 41 Ohio St.2d 41, 43, 322 N.E.2d 629 (1975) (Arguments that could have been, but were not, properly addressed to the trial court shall be deemed waived).

{¶ 15} We also find that appellant may not rely upon the "plain error" exception to the waiver rule. The plain error doctrine provides for the correction of errors clearly apparent on their face and prejudicial to the complaining party even though the complaining party failed to object to the error at trial. (Citations omitted.) *LeFort v. Century 21-Maitland Realty Co.,* 32 Ohio St.3d 121, 124, 512 N.E.2d 640 (1987). "The plain error doctrine may be utilized in civil cases only with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at 24. We see no evidence of plain error in this case. For these reasons, appellant's second potential assignment of error is not well-taken.

{¶ 16} In her third assignment of error, appellant claims that the jury interrogatories were "skewed." Appellant does not provide any detail to support her argument that the jury interrogatories were skewed. Instead, she claims,

The only question at hand that should have been asked - is the ulnar nerve a flow through condition of the right radial tunnel surgery, which the right radial tunnel is already an allowed condition of BWC Claim 03-872377 [sic].

{¶ 17} The record discloses that appellant, through her attorney, filed five proposed interrogatories; Whirlpool filed four proposed interrogatories. The trial court selected four interrogatories, borrowing from both parties' proposals. We have reviewed the record before us. It does not disclose that appellant objected to the interrogatories selected by the trial court or that the interrogatory cited above by appellant was proffered during the trial.

{¶ 18} Civ.R. 51(A) provides, in part, "[o]n appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." Because appellant did not object to the trial court's jury instructions, appellant forfeited the right to raise that issue on appeal.

{¶ 19} The court also notes that the record on appeal does not contain that part of the trial transcript pertaining to jury instructions. The court will not, however, presume any irregularity in how the jury was instructed. Indeed,

The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of

7.

showing error by reference to matters in the record. This principle is recognized in App.R. 9(B), which provides, in part, that "* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *." When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. (Citation omitted.) *Boston v. Sealmaster Indus.,* 6th Dist. Erie No. E-03-040, 2004-Ohio-4278, ¶15, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶ 20} The record discloses no such error, and we will therefore presume that the lower court properly evaluated and selected jury interrogatories. For all of these reasons, appellant's third potential assignment of error is not well-taken.

{¶ 21} In her fourth potential assignment of error, appellant argues against the imposition of trial court costs, citing financial hardship.

{¶ 22} The trial court's final judgment entry, journalized on January 29, 2013, ordered the appellee, Bureau of Workers' Compensation, to pay Whirlpool for deposition costs in the amount of $896.75. On February 4, 2013, the clerk of courts for Sandusky County Common Pleas Court sent a "statement of costs" to the bureau,

8.

seeking payment in the amount of $1049.25. On February 7, 2013, the bureau filed a "motion to reassess court costs issued by the clerk of courts." The bureau argued that the trial court's "judgment entry filed on January 29, 2013 does not address court costs." The trial court issued a judgment entry on March 6, 2013 in which it indicated it would not rule on appellant's motion until a decision was issued in the instant appeal.

{¶ 23} As to appellant's fourth assignment of error, we first note that *appellant has not been ordered to pay costs*; rather the bureau was ordered to pay them. Second, the bureau did not appeal that issue to the court of appeals.[1] Therefore, there is no issue for this court to decide relative to costs. Appellant's fourth potential assignment of error is not well-taken.

{¶ 24} In her "Probable Issues for Review," appellant refers to her motion for a new trial. The trial court denied the motion by order journalized on February 25, 2013. Appellant's brief is silent with regard to the denial of that motion. Therefore, we decline to address the issue. *See Dickenson v. Hartwig,* 6th Dist. Lucas No. L-03-1085, L-03-1148, 2004-Ohio-1330, ¶ 21 (Appellate court may disregard assignment of error pursuant to App. R. 12(A)(2) and App.R. 16(A)(7) when party provides no argument on that assignment of error). Appellant's fifth potential assignment of error is not well-taken.

---

[1] We note that the bureau did not, as an alternative to filing a notice of appeal, seek relief from judgment pursuant to Civ.R. 60(B). If the bureau intended to challenge any part of the trial court's January 29, 2013 final judgment, it could have filed a motion pursuant to Civ.R. 60(B) or a notice of cross-appeal pursuant to App.R. 3(C).

9.

{¶ 25} Finally, in her sixth potential assignment of error, appellant complains that, since 2008, Whirlpool has failed to pay for prescriptions and medical treatment relative to her workers' compensation claim.

{¶ 26} Appellant's complaint is aimed at Whirlpool, not at any adverse order by the trial court. Thus, appellant's sixth assignment of error does not present an issue for this court to decide. It bears noting, however, that decisions involving medical treatment lie within the exclusive jurisdiction of the Industrial Commission. R.C. 4123.512 provides that "[t]he claimant * * * may appeal an order of the Industrial Commission * * * in an injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas * * *." A decision involving the grant or denial of additional benefits under an existing claim involves the extent of disability and is not subject to appeal. *State ex. Rel Roope v. Indus. Comm.,* 2 Ohio St.3d 97, 99, 568 N.E.2d 665 (1982). For these reasons, appellant's sixth potential assignment of error is not well-taken.

## Conclusion

{¶ 27} We find appellant's potential assignments of error are not well-taken. Accordingly, the judgment the Court of Common Pleas of Sandusky County is affirmed. The costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

Thomas J. Osowik, J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.