I respectfully dissent from the majority opinion that Evans
applies sub judice.
I find the facts in this case to be similar to those in Stateex rel. Roope v. Indus. Comm. (1982), 45 Ohio St.3d 200, discussed and explained in Evans at 240 as follows:
 In State ex rel. Roope v. Indus. Comm., supra, an employee aggravated an existing back injury at work and received temporary total disability compensation. Approximately ten months later, he felt a sharp pain in his back while starting his lawnmower, and filed a motion for additional compensation (in effect, an application to reactivate benefits). This court held that Roope could not appeal the commission's denial of his motion because `[a] decision of the Industrial Commission to grant or deny additional compensation for a previously allowed claim, when there is no intervening trauma but merely aggravation of a previously existing condition, is a decision which goes to a claimant's extent of disability, and is not appealable. * * *' Id.
at syllabus.
* * *
 The Industrial Commission's refusal to reactivate benefits under an existing claim does not finalize the disallowance of the employee's claim because that decision does not foreclose all future compensation under that claim. For this reason, the Industrial Commission's decision to deny or grant additional benefits under a previous claim does not determine the worker's right to participate in the State Insurance Fund, and is not subject to appeal pursuant to R.C. 4123.519. Gilbert v. Midland-Ross, supra, is hereby overruled to the extent it is inconsistent with this opinion.
The hearing officer denied payment for physical therapy treatments and office visits with appellant's treating physician, Dr. Kolasky, on or after November 4, 1996, the date of appellant's motor vehicle accident. The hearing officer based this decision in part on a January 6, 1997 report by Kirby J. Flanagan, M.D. wherein Dr. Flanagan opined that the previous left shoulder sprain was "resolved-allowed condition."
When reading Dr. Flanagan's report in conjunction with the hearing officer's decision, I find the decision was as to the extent of disability and not a permanent foreclosure of any reactivation of benefits under R.C. 4123.52.
I would affirm the trial court's decision.
JUDGE SHEILA G. FARMER
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is reversed and this matter remanded to that court for further proceedings. Costs assessed to appellee.